YELVERTON, Judge.
This appeal is from the dismissal of a revocatory action on an exception of no cause of action. We reverse and remand.
Alfred and Hilda Bollich sold some mineral rights to B.B. & H., Inc. in 1983. In June 1984 the Bollichs filed for protection under the bankruptcy provisions of 11 U.S.C. Chapter 7.
In August 1984 Opelousas Production Credit Association, a creditor of the Bol-lichs, filed a suit against B.B. & H., Inc., to set aside the sale. By amending petition Percy Fontenot was substituted in the place of Opelousas Production Credit Association because of an assignment.
To this suit B.B. & H., Inc., filed the peremptory exception of no cause of action. The trial court maintained the exception and ordered that the suit be dismissed.
The sole issue on appeal is whether the trial court erred in finding that the plaintiff's petition failed to state a cause of action.
The petition alleged that plaintiff is a creditor of Alfred Bollich in the sum of $348,310.90 together with interest; that on August 18, 1983, Alfred Bollich and his wife executed a sale to B.B. & H., Inc., conveying all of the vendor’s mineral rights in two tracts of property for $10,000; and that on June 29, 1984, Alfred Bollich filed for protection under the bankruptcy provisions of 11 U.S.C. Chapter 7. The petition alleged that the sale to B.B. & H., Inc. is invalid under two alternative theories. The first theory, revocatory in nature, is supported by allegations that the sale was made for inadequate consideration, that the defendant knew, or should have known that the Bollichs were insolvent, and that the sale was made to deprive the plaintiff of his rights as a creditor. The second theory is based on lesion. We will discuss the lesionary action first.
The trial court, addressing the lesion issue, in his reasons for judgment noted that the sale complained of was of mineral rights only, and that since mineral rights are incorporeal immovables, no cause of action existed because lesionary actions apply only to corporeal immovables. We agree. La.C.C. Art. 2593 clearly states: “Lesion can be alleged only by the vendor in no other sale than one of corporeal immovables.” Mineral rights are incorporeal immovables. La.C.C. Art. 470. The trial court was correct in finding that lesion is unavailable under the facts alleged in the plaintiff’s petition.
We find, however, that the trial court erred in finding that plaintiff’s petition failed to state a cause of action as to revocation. This case arose before the effective date of the 1984 obligations revision of the Civil Code. The revised article defining the revocatory action reads:
*93 Art. 2036. Act of the obligor that causes or increases his insolvency
An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor’s insolvency.
Acts 1984, No. 331, § 1.
According to the official revision comments under new Article 2036, it changes the law insofar as it abandons the notion of fraud contained in the source articles, but otherwise it reproduces the substance of the source articles. As we did in Keys v. Box, 476 So.2d 1141 (La.App. 3rd Cir.1985), we will apply the pre-revision jurisprudence. In Keys v. Box we noted that the elements in a revocation action are: a) insolvency of the debtor b) injury to the creditor c) intent to defraud the creditor, and d) a pre-exist-ing and accrued indebtedness. In the present case the petition states that the debtors filed for bankruptcy and were insolvent, that the sale of the mineral rights was made to deprive the plaintiff of his rights as a creditor, that the defendant knew or should have known of the insolvency, and that the debt evidently pre-ex-isted the sale since the sale was made to deprive the plaintiff of his rights as a creditor. We regard the petition as sufficient to state a cause of action in revocation.
We are required to note, however, on our own motion, that the debtors, Alfred and Hilda Bollich, who have not been named as defendants in these proceedings, are indispensable parties in the action of revocation of the sale of mineral rights. La.C.C. Art. 2042. Although Article 2042 is new, requiring the joining of third persons involved in the obligor’s act whereas the prior jurisprudence merely permitted such a joinder, the article is procedural and applies retroactively. La.C.C. Art. 6 (formerly Art. 8). The failure to join an indispensable party can be noticed by the court on its own motion. La.C.C.P. Art. 645. When the failure to join an indispensable party is noticed by the trial court the court may permit amendment of the petition so as to make him a party. La.C.C.P. Art. 646. Accordingly, in the present case we will allow the plaintiff fifteen days from the date this decision becomes final to amend the petition to join the Bollichs as party-defendants. If the plaintiff fails to join the Bollichs within the time allowed, the trial court is instructed to dismiss the plaintiff’s suit with prejudice.
For the above reasons the judgment of the trial court is reversed arid the plaintiff is ordered to amend his petition within 15 days from the date this decision becomes final to join the Bollichs as party-defendants. The case is hereby remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT MAINTAINING EXCEPTION OF NO CAUSE OF ACTION REVERSED; JUDGMENT RENDERED NOTICING FAILURE TO JOIN INDISPENSABLE PARTIES AND GIVING PETITIONER TIME TO AMEND: REMANDED.