Lu, John T., J.

INTRODUCTION

The complaint alleges fraudulent conveyance of property held by defendant Grand Street Parkway, LLC (Grand Street) (Count I); and fraudulent conveyance of property held by defendant Crompton Mill House, LLC (Crompton) (Count II) (collectively referred to as LLC defendants). The complaint also seeks to reach and apply against reach and apply defendant Sion Mills Limited (Sion) (Count III) and imposition of a resulting and/or constructive trust (Count IV). The LLC defendants have moved to dismiss.
The LLC defendants argue that the complaint must be dismissed because it fails to: 1) join Ralph Dworman (Dworman), an indispensable party-defendant; 2) plead its averment of fraud with particularity; and 3) *595 allege a viable fraudulent conveyance, which, leaves no basis for the reach and apply and resulting and/or constructive trust claims. Affording the complaint the generous reading to which it is entitled, and determining that the LLC defendants cite no Massachusetts authority requiring joinder of Dworman, and that the complaint pleads fraud and fraudulent conveyance with particularity, the court denies the motion to dismiss. See General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992); New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988).

DISCUSSION

Citizens Bank of Massachusetts (Citizens) held an assignment of a judgment against John A. Humbert (Humbert). [2] Humbert conveyed the property to Dworman and Citizens sued Dworman, in Suffolk Superior Court, alleging fraudulent conveyance. On February 25, 2005, the court entered summary judgment in favor of Citizens against Dworman for fraudulent conveyance of 93-95 Grand Street. Citizens Bank v. Greenberg, Civ. No. 04-586-BLS2 (Suffolk Bus. Lit. Sec., February 25, 2005) (Burnes, J). By the time the judgment was entered, Dworman, through Resolution, had conveyed 93-95 Grand Street to the LLC defendants.
Dworman is not an indispensable party. The LLC defendants cite Opelousas Production Credit Assoc. v. B.B.&H., Inc., 525 So.2d 91 (La.App.3d Cir. 1988), in support of the opposite proposition. In Opelousas, the Court of Appeal of Louisiana, Third Circuit, held that a Louisiana statute, La. C.C. Art 2042, made the debtors indispensable parties when the statute provided that, “In an action to annul either his obligor’s act, or the result of his obligor’s failure to act, the obligee must join the obligor and the third persons involved in that act ...” There is no similar statute involved in this case. The LLC defendants cite Neil v. Stapleton, 203 Ga. 236 (1948). It appears that Georgia adopted the Uniform Fraudulent Transfer Act in 2002, calling into question the viability of the Neil holding on this issue. A similar analysis applies to the last case cited, Shaver v. Brainard, 29 Barb. 25 (1859), an old case of the New York Supreme Court. It appears that New York has not adopted the Uniform Fraudulent Transfer Act.
This case differs appreciably from the related case, John A. Humbert and Martha Humbert v. Ralph Dworman et al., Worcester Superior No. 03-2217, in which, Justice Agnes allowed a motion for summary judgment as to a count for fraudulent conveyance brought by grantees/plaintiffs against grantors/defendants. The grantees/plaintiffs’ theory was that the fraudulent conveyance was that sellers “misrepresented their” intentions in selling to buyers. There was no allegation of a fraudulent conveyance to a third party; Justice Agnes’ decision in No. 03-2217 does not assist the defendants.
The Uniform Fraudulent Transfers Act provides for a direct statutory remedy against transferees of fraudulently conveyed properly. See G.L.c 109A, §9 (“the creditor may recover judgment for the value of the asset transferred . . . The judgment may be entered against: (1) the first transferee of the asset. . . [or] . . . (2) any subsequent transferee other than a good-faith transferee or obligee who took for value or from any subsequent transferee or obligee”) (emphasis added). The statute identifies an avenue of relief for a creditor aggrieved by a fraudulent transfer; there is no requirement of a suit against the original debtor. Therefore, Dworman, the debtor, cannot be said to be “[a] person ... [in the absence of whom]... complete relief cannot be accorded among those already parties.” Mass.R.Civ.P 19(a).
Dworman is not a necessary party pursuant to Mass.R.Civ.P 19(a)(2) (the necessary party “claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . impair or impede his ability to protect that interest or . . . leave any of the persons already parties subject to a substantial risk ... by reason of his claimed interest”). [3] The LLC defendants present no argument or evidence of Dworman having any claims or interest against them or Citizens. Dworman’s interest in 93-95 Grand Street, meanwhile, has been adjudicated in previous litigation: the property was his only by way of fraudulent conveyance. Citizens Bank v. Greenberg. The live controversy in this case is whether the LLC defendants were good faith transferees of the property despite the previous transfers.
The claims are pled with sufficient particularity to put the LLC defendants on notice as to the who, what, when and where of the claims. See Mass.R.Civ.P. 9(b); cf. Equip. & Systems for Indus., Inc. v. Northmeadows Construction Co., Inc., 59 Mass.App.Ct. 931, 931-32 (2003); Nota Conste Conn. v. Keyes Assoc., Inc., 45 Mass.App.Ct. 15, 21 (1998) (discussing the requirements of Mass.R.Civ.P. 9(b) in the context of claims of misrepresentation).
Given the required generous reading, the complaint states a claim for fraudulent conveyance under G.L. ch. 109A.

ORDER

For the foregoing reasons, the defendants Grand Street Parkway, LLC and Crompton Mill House, LLC’s motion to dismiss is DENIED.

The facts are involved. In summary, Citizens holds a judgment, by assignment, against Humbert. Humbert transferred two mortgages on property owned by him at 93-95 Grand Street, Worcester to Marc L. Greenberg as trustee of the Grand Street Resolution Trust (Resolution) and Dworman. Citizens brought Suffolk Superior Court case 04-586 for fraudulent conveyance against Greenberg as trustee and Dworman, and Citizens was granted summary judgment. By that time, however, Resolution had already foreclosed, pur *596 chased the property at the foreclosure sale and conveyed two parcels of the property to Grand Street and one parcel of the property to Crompton {on the same day and for nominal consideration). Crompton and Grand Street then conveyed the parcels to Sion, taking mortgages back.

Should the situation change, the matter need not be dismissed, as the court may, in its discretion, stay the matter while the complaint is amended to add the party. See Nat'l Lumber Co. v. LeFrancois Constr., 430 Mass. 663, 671-72 (2000).