PAUL LAZZARO, trustee, *vs.* DURAND A. HOLLADAY
& others. [1]

Suffolk.  December 9, 1982. — January 12, 1983.

Present: HALE, C.J., ROSE, & PERRETTA, JJ.

*Pleading, Civil,* Complaint, Fraud.

In an action by the reorganization trustee of a real estate investment trust
   against three former trustees of the trust and certain corporations
   owned or controlled by them, allegations in the complaint which
   described fraudulent conduct arising out of a scheme whereby invest-
   ment advice was provided to the trust by a partnership comprised of
   the corporations and which contained details of the individual defend-
   ants' involvement in the scheme, including their knowledge that cer-
   tain investment recommendations were false, their intent to induce
   reliance by the trust, and the trust's reliance on the recommendations,
   to its detriment, fulfilled the requirement of Mass.R.Civ.P. 9(b) that
   the circumstances constituting fraud shall be averred with particular-
   ity.  [109-111]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 27, 1981.

A question of law was reported by *Zobel,* J.

*Wayne H. Scott (George C. Caner, Jr., & Gerald Giller-
man* with him) for the defendants.

*Carl K. King (Linda S. Larabee* with him) for the plain-
tiff.

HALE, C.J.  The plaintiff, Paul Lazzaro, the reorganiza-
tion trustee of Continental Mortgage Investors (CMI), a real
estate investment trust, brought this action based essentially
on a claim of fraud against three former trustees of CMI.
The complaint was dismissed for failure to meet the require-

---

[1] Monte J. Wallace, Neil W. Wallace, Continental Advisers, and six
corporations.

ments of Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974), and the plaintiff moved to file an amended complaint. The motion was denied, but pursuant to leave he moved to file a second amended complaint. The motion was allowed with the judge reporting sua sponte to this court pursuant to Mass. R.Civ.P. 64, 365 Mass. 831 (1974), the issue whether the plaintiff's most recent complaint satisfies the requirement of rule 9(b). We find that it does and affirm.[2]

It would be impractical to set out in detail all allegations contained in the seventy-five page second amended complaint (hereinafter, the "complaint"). In essence it sets forth a claim that the individual defendants, Holladay and the Wallaces, owned or controlled five corporations which, in turn, were the partners of defendant Continental Advisers (Advisers), a partnership. The principal business of Advisers was to act as CMI's investment adviser. Advisers' income would pass to the individual defendants, and any increase in its income would be to the benefit of the individual defendants. The plaintiff alleges that by misrepresentations and failure to disclose material information the individual defendants undertook to increase dramatically the extent of CMI's loan portfolio, and to maintain an inflated value of the portfolio so as to increase the fees paid to Advisers which were based on a percentage of the amount of loans. More specifically, the complaint alleges that the individual defendants recommended to their fellow trustees of CMI that the portfolio be increased by making loan commitments and disbursements to certain borrowers, knowing

---

[2] The judge's report in this instance was within the guidelines provided by rule 64. However, because this rule is a potentially explosive source of appellate cases, we feel it appropriate here to comment on its use. Before reporting any matter, a judge should carefully consider whether "justice require[s] the extraordinary procedure of interlocutory review." Smith & Zobel, Rules Practice § 64.3, at 50 (1981), keeping in mind that "[i]nterlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *John Gilbert Jr. Co.* v. *C.M. Fauci Co.*, 309 Mass. 271, 273 (1941).

that the loans, for reasons stated in the complaint, created an unreasonable and substantial investment risk to CMI. Further, the complaint alleges that the individual defendants recommended to their fellow trustees of CMI that the formula for determining the fees to be paid to Advisers be amended, knowing that their recommendation would be accepted by their fellow trustees and would result in substantial additional fees being paid to Advisers at the expense of CMI. The complaint also sets out in detail specific operating recommendations made by the individual defendants to the trustees of CMI which were designed to disguise the true financial condition of the loan portfolio and thus appeared to maximize CMI's earnings, minimize the percentage of CMI's net income paid to Advisers, and thereby induce CMI to continue to renew Advisers' contract. In sum, knowledge of falsity, intent to induce reliance, actual reliance and harm were specifically alleged.

Even more particularly, the complaint provides the details of the individual defendants' involvement in loans made to four corporations. It sets out allegations of the months and years in which the months fell, when the individual defendants gained knowledge of the financial instability of each of the four corporations, and alleges the failure of the individual defendants to disclose this information when making recommendations to their fellow trustees of CMI. This failure to disclose was intended to induce the reliance of the trustees on these recommendations and resulted in damage to CMI. We have no doubt that the individual defendants were thus warned adequately by the complaint of the acts which the plaintiff claims were fraudulent so that they could prepare their defense. See *Friedman* v. *Jablonski*, 371 Mass. 482, 488-489 (1976). "Notice is still the principal purpose of any pleading, even one containing averments of fraud, mistake, duress and undue influence. Thus although a bare statement that defendant's 'fraudulent conduct harmed' plaintiff . . ., standing alone, is insufficient, [r]ule 9(b) must be read with the [r]ule 8(a) mandate that the pleading contain a short and plain statement

of the claim. Rule 9(b) does not require the claimant to set out in detail all of the facts upon which he bases his claim, nor does it require him to plead detailed evidentiary matter." Smith & Zobel, Rules Practice § 9.2 (1974).

We hold that the specificity requirement of rule 9(b) has been satisfied by the plaintiff's second amended complaint. However, we are of the opinion that this prolix document could be sharpened considerably by the elimination of repetitious verbiage.

*Order affirmed.*