EQUIPMENT & SYSTEMS FOR INDUSTRY, INC. *vs.* NORTHMEADOWS CONSTRUCTION Co., INC. No. 02-P-507. November 12, 2003. *Practice, Civil,* Complaint, Dismissal, Motion to dismiss. *Fraud. Deceit. Contract,* Implied covenant of good faith and fair dealing.

We agree with the Superior Court judge's determination that the plaintiff's complaint does not set forth a cause of action, and that dismissal pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), was appropriate.

We take as true the "allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor." *Blank* v. *Chelmsford Ob/Gyn, P.C.,* 420 Mass. 404, 407 (1995). We will sustain the dismissal on appeal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Gibbs Ford, Inc.* v. *United Truck Leasing Corp.,* 399 Mass. 8, 13 (1987), quoting from *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). *Kurker* v. *Hill,* 44 Mass. App. Ct. 184, 186 (1998).

The complaint in this case contained three counts: for fraud and deceit; for violation of G. L. c. 93A; and for breach of implied covenant of good faith and fair dealing. It recites, in some detail, allegations that one of the plaintiff's sales representatives, and an employee of The Associates Commercial, a financing company, engaged in certain fraudulent practices involving a transfer of the defendant's obligations on certain equipment to the plaintiff in order that the defendant's credit might be improved, permitting it to purchase another piece of heavy equipment. Neither of the employees, nor the finance company, were named in the complaint.

Insofar as the defendant is concerned, the complaint contains no allegation that the defendant colluded with, or was aware of, the improper activities alleged with respect to either the plaintiff's or the financing company's employees. Aside from conclusory assertions that the defendant's actions constituted intentional, deceitful, and fraudulent conduct; that it acted under false pretenses; and that its actions constituted a breach of its implied covenant of good faith and fair dealing, the complaint alleges only that the defendant agreed to execute whatever agreements were necessary to facilitate the purchase and refinance agreements; that it refused to execute the agreements; and that it received certain benefits.

Nothing here remotely complies with Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974), which requires that allegations of fraud and deceit must be pleaded with particularity.[1] Contrast *Schinkel* v. *Maxi-Holding, Inc.,* 30 Mass. App. Ct. 41, 48 (1991) (complaint stated circumstances of fraud with the requisite particularity). A claim for damages from deceit requires proof that (1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and (5) damage directly resulted therefrom. See *Graphic Arts Finishers, Inc.* v. *Boston Redev. Authy.,* 357 Mass. 40, 44 (1970). At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when

---

[1]Mass.R.Civ.P. 9(b) provides in relevant part: "In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity."

it took place. In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm. See *Friedman* v. *Jablonski*, 371 Mass. 482, 488-489 (1976); Smith and Zobel, Rules Practice § 9.3 (1974).

We think that when a judge considers a Mass.R.Civ.P. 12(b)(6) motion to dismiss a complaint alleging fraud and deceit, the requirement that there be an "exceedingly liberal reading" of a complaint, *Brum* v. *Dartmouth*, 44 Mass. App. Ct. 318, 321 (1998), rev'd on other grounds, 428 Mass. 604 (1999), must include consideration of the requirements of Mass.R.Civ.P. 9(b). We recognize that "[t]he plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." *Orion Ins. Co. PLC* v. *Shenker*, 23 Mass. App. Ct. 754, 758 (1987), quoting from *Bell* v. *Mazza*, 394 Mass. 176, 184 (1985). We think, however, that rule 9(b) heightens the pleading requirements placed on plaintiffs who allege fraud and deceit. In this, we agree with the Federal courts in their consideration of the cognate Federal Rules 12(b)(6) and 9(b). See *Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506, 513 (2002); *Shields* v. *CityTrust Bancorp, Inc.*, 25 F.3d 1124, 1127-1128 (2d Cir. 1994); *Lucia* v. *Prospect St. High Income Portfolio, Inc.*, 36 F.3d 170, 174 (1st Cir. 1994). See also *Schwartz* v. *Travelers Indem. Co.*, 50 Mass. App. Ct. 672, 677 (2001) ("reasonable approach, one consistent with long-standing practice . . . as well as generally accepted canons of construction, is to view [an issue], governed by the specific provisions of [a rule], as constituting an exception to the general practice set forth [in another rule]").[2]

We find the plaintiff's remaining claims, that it was error to dismiss its claims under G. L. c. 93A and for breach of implied covenant of good faith and fair dealing, to be without merit as well. As to the 93A claim, the allegations, and the inferences that might be drawn from them, fall far short of anything that might qualify as an unfair or deceptive practice under that statute. The complaint alleges merely that the defendant wished to purchase a large piece of equipment, that it could not self-finance the equipment, that it agreed to execute whatever agreements were necessary to finance the purchase and refinance its remaining debt, and that it refused to do so. Nothing in the complaint suggests complicity with, or even knowledge of, the alleged nefarious schemes of the plaintiff's salesman and the agent for the financing company. As to the claim for breach of implied covenant of good faith and fair dealing, there is nothing in the complaint from which one might draw the reasonable inference that the refusal to sign was done in bad faith. Even assuming that the refusal to sign might permit an inference that there was a breach of contract, that fact alone would not permit an inference of a breach of an implied contract of good faith and fair dealing, implicating a dishonest purpose, consciousness of wrong, or ill will in the nature of fraud. See *Nagel*

---

[2] We recognize that our courts should be generous in permitting amendment to defective pleadings, see *Stolzoff* v. *Waste Sys. Intl., Inc.*, 58 Mass. App. Ct. 747, 764-765 (2003), and that, in certain limited circumstances, discovery might be needed to determine the full extent of the particulars needed to comply with rule (9)(b). In the instant case, however, a motion to amend the complaint was not accompanied by an amended pleading, and thus no particulars in conformity with rule (9)(b) were brought to the judge's attention. The motion to amend was denied, and because no appeal was taken, the denial of that motion is not before us. As noted, no relevant particulars were brought to the judge's attention and there was no request for discovery.

v. *Provident Mut. Life Ins. Co. of Philadelphia*, 51 Mass. App. Ct. 763, 768-769 (2001). The judgment of dismissal is affirmed.

*So ordered.*

*James W. Matthews* for the defendant.

*Lee Stephen MacPhee & Clive B. Jacques*, for the plaintiff, submitted a brief.