Troy, Paul E., J.
The plaintiffs have brought a special motion to dismiss the defendant’s counterclaims pursuant to G.L.c. 231, §59H, commonly known as the “Anti-SLAPP Statute,” and a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and 9(b). In addition, the third-party defendants have brought a motion to dismiss the third-party plaintiffs complaint. For the reasons more particularly stated below, the special motion to dismiss *679 and motion to dismiss the defendant’s counterclaims are ALLOWED in part, and DENIED in part; the motion to dismiss the third-party complaint is DENIED.
Procedural Background
In October of 2006, the defendant, Engineering Design Consultants (“EDC” or “defendant”) filed a collections action against the plaintiffs, Abraham Properties, Inc. (“API”), Union Street Business Park, LLC (“USB”), and 160 Otis Street, LLC in the Worcester District Court. In its complaint, EDC claimed breach of contract and unjust enrichment.
API and USB (also referred to as “plaintiffs”) subsequently brought a complaint against EDC and Peter S. Bemis (“Bemis”) in this court with regard to the same transaction and occurrence. The complaint alleges breach of contract, breach of duly of good faith and fair dealing, negligence, misrepresentation, breach of fiduciary duly, and violation of G.L.c. 93A. In response to the plaintiffs’ complaint, EDC brought several counterclaims alleging: misrepresentation against API (Count I), abuse of process against API and USB (Count II), violation of G.L.c. 93AagainstAPI and USB (CountHI), failure to exhaust administrative remedies against API and USB (Count IV), fraudulent inducement against API (Count V), deceit against API (Count VI), breach of good faith and fair dealing against API (Count VII), indemnification against API (Count VIII), and violation of G.L.c. 231, §6F, against API and USB (Count EX).
In addition, EDC brought a third-pariy complaint against Nicholas Abraham and Nicholas P. Abraham in their individual capacities, claiming: misrepresentation (Count I), violation of G.L.c. 93A (Count II), fraudulent inducement (Count III), deceit (Count IV), intentional interference with contractual relationship (CountV), and intentional interference with advantageous relationship (Count VI). EDC’s district court complaint has been consolidated with the instant case before this court.
Factual Background
Nicholas Abraham and Nicholas P. Abraham (“Abraham brothers”) are the president and vice-president of API, respectively. Nicholas Abraham is an officer of USB. Bemis is the president of EDC. In February of 2005, USB entered into a purchase and sale agreement to buy a parcel of land in Franklin, Massachusetts. API planned to use the Franklin parcel to develop a commercial real estate concept called “Workshop Condominiums.” In March of that year, API entered into a written contract with EDC, whereby EDC agreed to use its knowledge of the Town of Franklin and past similar projects to prepare plans for API’s project and procure the necessary permits for construction and use.
API and USB allege in their complaint that EDC did not notify the plaintiffs of the ability to avoid an expensive special permit process if they were willing to reduce the size of their development. The plaintiffs also assert that in selecting inappropriate use categories for the project, EDC compromised the plaintiffs’ ability to use the property for its desired purposes. The complaint further alleges that EDC billed the plaintiffs in excess of the amount stipulated in the contract.
In its counterclaim, EDC alleges the plaintiffs became delinquent in their payments for EDC’s services during the Franklin project. In response to EDC’s demands for payment, API allegedly represented to EDC that it would pay all sums owed, which induced EDC to continue to provide its services. EDC claims the plaintiffs never intended to and never did complete their payments to EDC for its services.
I. Anti-SLAPP Special Motion to Dismiss
API and USB argue that several of EDC’s counterclaims[5] are based solely on the plaintiffs’ action in filing a complaint against EDC; and therefore these counterclaims should be dismissed pursuant to G.L.c. 231, §59H, commonly known as the “Anti-SLAPP Statute.”
Pursuant to G.L.c. 231, §59H, a party may bring a special motion to dismiss a civil claim, counterclaim, or cross claim that it asserts was brought against it based on its exercise of its federal and state constitutional rights to petition the government. G.L.c. 231, §59H. To succeed on an Anti-SLAPP special motion to dismiss, the movant must “make a threshold showing through the pleadings and affidavits that the claims against it are ‘based on’ [its] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68 (1998). Petitioning activity, as defined in §59H, includes “any written .. . statement made in connection with an issue under consideration or review by a... judicial body...” If the special movant satisfies its burden, the burden will then shift to the non-moving party to show by a preponderance of the evidence that “(1) the defendants’ petitioning activity is devoid of any reasonable factual support or any arguable basis in law, and that (2) the activity caused the plaintiffs actual harm.” Office One, Inc. v. Lopez, 437 Mass. 113, 123 (2002).
A. Abuse of Process
API and USB contend that EDC’s counterclaim for abuse of process, Count II, is based solely on the plaintiffs’ petitioning activity in bringing a complaint against EDC. In its counterclaim for abuse of process, EDC maintains that API filed a meritless, frivolous claim with the ulterior purposes of harassment, putting EDC out of business, and coercing the defendant into abandoning its Worcester district court lawsuit against the plaintiffs.
EDC has failed to allege any activity on the part of the plaintiffs, aside from bringing a complaint against EDC, as ground for its abuse of process counterclaim. Although EDC alleges API had ulterior motives for bringing the complaint, the motivation behind the plaintiffs’ petitioning activity is irrelevant in determining whether EDC’s abuse of process claim is based solely on such activity. See Office One Inc., 437 Mass. at 122. “The focus *680 solely is on the conduct complained of, and, if the only conduct complained of is petitioning activity, then there can be no other ‘substantial basis’ for the claim.” Id. (emphasis added), quoting Fabre v. Walton, 436 Mass. 517, 522 (2002). Accordingly, the special movants have surmounted their initial burden of establishing that EDC’s counterclaim for abuse of process is based solely on the plaintiffs’ petitioning activity.
EDC fails to fulfil its burden to establish by a preponderance of the evidence that the plaintiffs’ petitioning activity is devoid of any factual support or arguable basis in law. In their complaint, the plaintiffs have alleged that EDC failed to notify them of an avenue by which to avoid seeking an expensive special permit for their project and applied for the wrong use categories which compromised their sales of the condominium units. The plaintiffs have provided sufficient allegations in their pleadings to support their complaint against EDC. As such, Count II of EDC’s counterclaim must be dismissed. See Duracraft Corp., 427 Mass. at 167-68.
B. Breach of Duty of Good Faith and Fair Dealing
API maintains that EDC bases its counterclaim for breach of the duty of good faith and fair dealing solely on API’s complaint, and therefore, the counterclaim should be dismissed pursuant to the Anti-SLAPP statute. The record belies API’s assertion. In its counterclaim, EDC refers to the written contract entered into by the two parties and API’s breach of the good faith and fair dealing duty implied in that contract. Earlier in its counterclaim, EDC also alleges the plaintiffs breached their contract with EDC by refusing to pay sums owed to EDC for its services. The court finds sufficient allegations in the record to indicate EDC bases its counterclaim on activity other than and in addition to the plaintiffs’ complaint, and accordingly, the plaintiffs have failed to surmount their threshold burden pursuant to G.L.c. 231, §59H. As such, Count VII survives plaintiffs’ special motion to dismiss.
II. Plaintiffs’ Motion to Dismiss Defendant’s Counterclaims Pursuant to Mass.R.Civ.P. 12(b)(6) and Mass.R.Civ.P. 9(b)
API seeks dismissal of Count IV, Count VIII, Count IX, and Count III of EDC’s counterclaim alleging that EDC has failed to state a claim upon which relief can be granted. Additionally, API asserts Count I, Count V, and Count VI of EDC’s counterclaim should be dismissed for the defendant’s failure to plead the counts with the particularify required by Mass.RCiv.P. 9(b).
A. Failure to State a Claim
The standards governing the court’s allowance of a rule 12(b)(6) motion to dismiss are well established. Richards v. Arteva Specialties S.A.R.L., 66 Mass.App.Ct. 726, 730 (2006). “In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992).
1. Failure to Exhaust Administrative Remedies
In Count IV of its counterclaim, EDC alleges that although the plaintiffs have sued EDC, their grievances were due to the decisions of the Franklin Planning Board. As such, EDC claims the plaintiffs had a duty, pursuant to the provisions in G.L.c. 40A, to appeal the Franklin Planning Board’s special permit decision to the Franklin Zoning Board of Appeals and to subsequently seek judicial relief against the planning board instead of bringing a complaint against the defendants.
“[A] person aggrieved by the action of a local zoning administrator. .. must first attempt to redress the grievance through the local board of appeals before seeking judicial review.” Quincy v. Planning Bd. of Tewksbury, 39 Mass.App.Ct. 17, 20 (1995). See G.L.c. 40A, §§8, 13, 14, and 17. “Zoning administrator” as defined in G.L.c. 40A, §1A, is “a person designated by the board of appeals ... to assume certain duties of said board.”
The language in G.L.c. 40A does not provide EDC with relief, and therefore, Count IV of the defendant’s counterclaim cannot stand. EDC alleges that the plaintiffs are seeking to hold the defendants responsible for decisions made by the Franklin Planning Board. Taking this allegation as true does not change the fact that the plaintiffs are not claiming to be aggrieved by the “local zoning administrator," they are claiming to be aggrieved by EDC. Viewing the evidence most favorably to the defendant, EDC does not qualify as a “zoning administrator” pursuant to the definition in G.L.c. 40A, § 1 A. Further, nowhere in G.L.c. 40A is there a requirement that a party alleging grievances caused by the acts of a private party exhaust administrative remedies against the local planning board before seeking judicial review of the acts allegedly taken by the offending private party. Accordingly, Count IV must be dismissed.
2. Indemnification
EDC alleges in Count VIII that any damage USB has suffered is due solely to actions and decisions made by API, and therefore, API should be required to indemnify EDC for any damages that USB may recover in a judgment against EDC. This claim cannot stand on the record before the court.
A claim for indemnification lies where a party has established either: 1) that an express agreement to indemnity exists between the parties, 2) there is a contractual right implied from the nature of the relationship between the parties, or 3) a tort-based right where one party is held derivatively or vicariously liable for the wrongful act of another. See Fall River Hous. Auth. v. H.V. Collins Co., 414 Mass. 10, 13 *681 (1992). Vicarious liability applies where only the agent has committed a wrongful act, the principal is without fault, and the principal’s liability arises only by the operation of law. Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Therefore, the principal’s liability is only derivative of the wrongful act of the agent. Id.
Since the record does not indicate that either an express or implied agreement to indemnify existed between API and EDC, the court focuses on the tort-based right. The record is devoid of any allegation that a principal/agent relationship existed between EDC and API. EDC’s claim that API was acting as an agent of USB is irrelevant. Further, no set of facts would indicate that EDC and API have any alternative relationship that would give rise to derivative liability. See Dan B. Dobbs, The Law of Torts §333 (2000) (derivative and vicarious liability exists in situations involving principals and their agents, conspirators, partners, and employers and their employees). As such, Count VIII fails to state a claim upon which relief can be granted.[6]
3. Violation of G.L.c. 231, §6F
EDC alleges in Count IX that the plaintiffs’ complaint is meritless, frivolous, brought in bad faith, and thus, EDC should be awarded damages pursuant to G.L.c. 231, §6F.
Massachusetts General Laws Chapter 231, §6F, states in relevant part:
[u]pon motion of any party in any civil action in which a. finding, verdict, decision, award, order or judgment has been made by a judge . . . the court may determine, after a hearing... that all or substantially all of the claims . . . made by any party . . . were wholly insubstantial, frivolous and not advanced in good faith ... If such a finding is made ... the court shall award to each party against whom such claims were asserted . . . reasonable counsel fees and other costs and expenses incurred in defending against such claims.
G.L.c. 231, §6F (emphasis added).
The provisions in §6F do not provide EDC with a valid legal claim at this juncture. A proper motion pursuant to this statute must be brought after an action has been litigated. See G.L.c. 231, §6F. Conduct of a party prior to trial does not fall under the purview of §6F. Instead, the statute “focuses on the conduct of the litigation” by a party. Lewis v. Emerson, 391 Mass. 517, 526 (1984). See Shawmut-Canton v. Great Spring Waters of America, Civil No. 962BLS at *6 (Mass. Super. Ct. Dec. 26, 2001) [14 Mass. L. Rptr. 240] (reversed on other grounds) (§6F“does not really create a cause of action such as would support a count in a complaint or counterclaim”). As such, Count IX of EDC’s counterclaim must be dismissed.
4. Violation of G.L.c. 93A
The plaintiffs argue that Count III of EDC’s counterclaim finds its sole basis in EDC’s other counts, and if the alternative counts fail, the G.L.c. 93A claim should fail as well. This argument is not persuasive.
A practice or act is unfair pursuant to G.L.c. 93A if it is “(1) within the penumbra of a common law, statutory, or other established concept of unfairness: (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people.” Morrison v. Toys ‘R’ Us, Inc., 441 Mass. 451, 457 (2004), quoting Heller Fin. v. Insurance Co. of N. Am., 410 Mass. 400, 408 (1991). However, this statute only applies to “actions taken in the course of ‘trade or commerce’ . . .” Morrison, 441 Mass. at 457, quoting First Enters., Ltd. v. Cooper, 425 Mass. 344, 347 (1997).
EDC’s allegations in its c. 93A counterclaim include the claims that the plaintiffs breached their contract with EDC by failing to pay the defendant for its services, and misrepresented critical and material factual information which induced EDC to continue providing services for which the plaintiffs had no intention of providing compensation. EDC also claims in its pleading that the plaintiffs are engaged in trade and commerce as defined under c. 93A. Therefore, even if every other counterclaim brought by EDC were to be dismissed, EDC has alleged sufficient facts to enable Count III to survive a motion to dismiss.
B. Failure to Plead with Particularity
The plaintiffs argue that Count I, CountV, and Count VI of EDC’s counterclaim fall under the purview of Mass.R.Civ.P. 9(b) and should be dismissed given EDC’s failure to plead the allegations with particularity.[7]
Allegations of fraud and deceit must be pleaded with particularity. Equipment & Systems for Indus. Inc. v. Northmeadows Constr. Co., Inc., 59 Mass.App.Ct. 931, 931-32 (2003); Mass.RCiv.P. 9(b). A claim for misrepresentation supported by mere notice pleading will also fail pursuant to Mass.RCiv.P. 9(b). Magulas v. Agar Supply Co., Inc., 66 Mass.App.Ct. 1107, n.2 (2006). “At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place.” Equipment & Systems for Industry Inc., 59 Mass.App.Ct. at 931-32. “In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm.” Id. See Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976).
EDC has failed to allege its counterclaims for misrepresentation, fraudulent inducement and deceit with the requisite particularity. The record indicates that EDC claims that API misrepresented that it would pay EDC for its services in full, that API lied and misrepresented information to EDC and that its conduct was deceitful. EDC does not identify the specific person who made the misrepresentations, where and when the misrepresentation took place, or the particular content of the misrepresentation. Although the court finds EDC’s pleadings with regard to Count I, V, and VI to be defective, the court gives leave to the defendants to amend these claims to comply with Mass.RCiv.P. 9(b). See Equipment & Systems for Industry Inc., 59 Mass.App.Ct. at 932 n.2.
*682 III. Abraham Brothers’ Motion to Dismiss Defendant’s Third-Party Complaint Pursuant to Mass.R.Civ.P. 12(b)(6) and Mass.R.Civ.P. 9(b)[8]
A.Intentional Interference with Contractual and Advantageous Relations
The Abraham brothers argue that Count V and Count VI of EDC’s third-party complaint fail as a matter of law. The Abraham brothers contend that since they are officers of API, a higher standard of liability must be established when alleging an officer has interfered with contracts or relations with the officer’s company, and as such, EDC’s pleadings are deficient for failure to allege the heightened standard.
In Count V, EDC alleges the Abraham brothers intentionally interfered with the contractual relations between EDC and API given: 1) the existence of a contract between EDC and API, 2) the Abraham brothers’ knowing inducement of API to breach the contract, 3) the Abraham brothers’ conduct was improper in motive and means, and 4) as a result of the Abraham brothers’ conduct EDC was injured. Similarly, in Count VI, EDC alleges the Abraham brothers engaged in intentional interference with advantageous relations, given that: 1) a business relationship existed between EDC and API, 2) the Abraham brothers were aware of the business relationship, 3) the Abraham brothers maliciously and intentionally interfered with that relationship, and 4) as a result, EDC was injured.
Based on the present record, the court is unable to determine whether the Abraham brothers were acting individually or in their corporate capacity when they allegedly engaged in said interference. As such, EDC has sufficiently pled its counterclaims for interference and dismissal of Count v. and Count VI is not appropriate.
B.Violation of Chapter 93A
The Abraham brothers make the failing argument, similar to the one made in the plaintiffs’ motion to dismiss EDC’s counterclaims, that EDC’s c. 93A claim is based solely on the other counts in the third-party complaint and should fail if all other claims are dismissed.
EDC has sufficiently pled its c. 93A claim by alleging that the Abraham brothers were engaged in trade and commerce when they allegedly induced EDC to continue services despite knowing they would not provide EDC with agreed to compensation, advised API to breach its contract with EDC, and misrepresented material, factual information. Accordingly, the Abraham brothers’ motion to dismiss Count II is denied.
C.Misrepresentation, Fraudulent Inducement, Deceit
EDC’s third-party complaint claims alleging misrepresentation, fraudulent inducement, and deceit, fail to allege conduct by the Abraham brothers with sufficient particularity pursuant to the Mass.R.Civ.P. 9(b) standard articulated earlier in this opinion. However, the court gives EDC leave to amend Count I, Count III, and Count IV to conform with the requirements of rule 9(b) and the Abraham brothers’ motion to dismiss these counts is denied.
ORDER
For the reasons set forth above, the court hereby ORDERS that API and USB’s motion to dismiss EDC’s counterclaims with regard to Counts II[9] IV, VIII and IX is ALLOWED. API and USB’s motion to dismiss EDC’s counterclaims with regard to Counts I, III, V, VI, VII is DENIED, with the condition that defendant amends its counterclaims as to Counts I, V, and VI in accordance with this opinion.
For the reasons set forth above, the court hereby ORDERS that the Abraham brothers’ motion to dismiss EDC’s third-party complaint is DENIED with the condition that defendant amend its complaint as to Counts I, III, and IV in accordance with this opinion.

The plaintiffs argue Count TV and Count IX of EDC’s counterclaim should be dismissed pursuant to the Anti-SLAPP statute or alternatively, for failure to state a claim upon which relief can be granted. As more particularly stated below, these counts fail to state a claim upon which relief can be granted, and an Anti-SLAPP statute analysis is unnecessary.

EDC argues in its memorandum in opposition to the plaintiffs’ motion to dismiss that although it does not specifically plead a claim for contribution, the claim is “implied and constitutes a reasonable inference.” The record does not indicate EDC has brought a counterclaim for contribution from API. The distinctions between a claim for contribution and that for indemnification are considerable and no set of facts would entitle EDC to the inference of an implied counterclaim for contribution. See Elias, 410 Mass. at 483. If EDC wishes to allege it is entitled contribution from API, it may request leave of the court to plead the counterclaim by way of amended complaint pursuant to Mass.R.Civ.P. 15(a).

The plaintiffs’ argument that EDC’s counterclaims for misrepresentation, fraudulent inducement, and deceit are duplicative and should be stricken is not persuasive. Pursuant to Mass.R.Civ.P. 8(e)(2) “(a] party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense, or in separate counts or defenses.”

The court acknowledges the Abraham brothers’ valid claim that EDC has failed to plead its third-party allegations within the guidelines of Mass.R.Civ.P. 14. Although EDC should have filed its third-party allegations by way of amended complaint, the court allows EDC to proceed on its third-party claims as they are currently pled.

Ordinarily, costs and reasonable attorneys fees are appropriate where a claim has been dismissed pursuant to G.L.c. 231, §59H. However, in the instant case, where the court finds only one count dismissed pursuant to §59H, the court has determined not to award the special moving party such costs and fees.