Macdonald, D. Lloyd, J.
Before the Court is the defendants’ motion to dismiss on grounds that the plaintiffs claim fails to plead fraud with sufficient particularity under Mass.R.Civ.P. 9(b). The motion is ALLOWED.
Background
Defendant Quest Diagnostics Inc. (“Quest”) provides clinical laboratoiy services to the general public. The amended complaint alleges that Quest is one of the largest commercial reference laboratories in the Commonwealth and operates over fifty patient service centers. The complaint further alleges that the lab industry is very competitive and that the defendants solicit the referral of business from medical providers including physicians, hospitals, independent physician associations, clinics and health maintenance organizations. For some patients’ lab tests, Quest is paid by the medical providers. For other patients, Quest bills MassHealth, Medicare, patients and third-party insurers.
Plaintiff Relator Chris Riedel (“Plaintiff’), himself an individual engaged in the commercial laboratory business, is a competitor of Quest. His complaint alleges violations of the Massachusetts False Claims Act (“MFCA”), G.L.c. 12, §§5A-50. Plaintiff alleges that to secure referrals from medical providers, Quest offers them deeply discounted prices. In return for such discounts, the complaint alleges that the medical providers refer their MassHealth patients to Quest. Quest then bills the Commonwealth at the higher, non-discounted rates otherwise approved by MassHealth. The complaint refers to this process as “pull-through.” It is alleged that the “pull-through” comprises illegal kickbacks under Massachusetts and federal law because the MassHealth regulations require Quest to charge the lowest price that it offers to others for the same tests.
The complaint was placed under seal for four years while the Attorney General reviewed the allegations. On September 7, 2011, the Attorney General declined to intervene. Riedel then filed his amended complaint on September 14, 2011. In his amended complaint, Riedel alleges that Quest submitted invoices for payment to the Massachusetts Division of Health Care Finance and Policy (“DHCFP") for laboratory tests in violation of G.L.c. 12, §5B(1), made or used or caused to be made or used false records or statements to obtain payment and approval of false claims in violation of G.L.c. 12, §5B(2), and benefited from the submission of false claims in violation of G.L.c. 12, §5B(9).
Analysis
For purposes of a motion brought under Rule 12(b)(6), the allegations contained in the complaint must be treated as true, and the Plaintiff is entitled to all favorable inferences to be drawn therefrom. Gen. Motors Acceptance Corp. v. Abington Cas. Ins., Inc., 413 Mass. 583, 584 (1992). A motion to dismiss is allowed only where it is certain that the Plaintiff is not entitled to relief under any combination of facts that could be drawn or reasonably inferred, from the complaint. Eigerman v. Putnam Inv., Inc., 450 Mass. 281, 286 (2007). However, the Rule requires dismissal where the allegations in the complaint clearly demonstrate that the Plaintiffs claim is legally insufficient. Harvard Crimson v. President & Fellows of Harvard College, 445 Mass. 745, 749 (2006).
Further, notwithstanding the “relatively light” burden which the Plaintiff needs to overcome in order to survive such a motion, Warner-Lambert v. Execuquest, 427 Mass. 46, 47 (1998), citing Gibbs Ford, Inc. v. Truck Leasing Corp., 399 Mass. 8, 13 (1987), it is still required that the Plaintiff provide “more than labels and conclusions” as a basis for his claim. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). “Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.” Ashcroft *328 v. Iqbel 556 U.S. 662, 678 (2009). See also United States ex rel. Tessitore v. Infomedics, Inc., 847 F.Sup.2d 256, 261 (D.Mass. 2012). The allegations set forth in the complaint must plausibly suggest the Plaintiffs entitlement to relief. Iannacchino, 451 Mass. at 636.
To recover under the MFCA, a relator must file a complaint under seal and serve a copy on the Attorney General with “written disclosure of substantially all material evidence and information the relator possesses.” G.L.c. 12, §5C(3). The Attorney General has 120 days to review the complaint and decide how to proceed with the case. After 120 days, the Attorney General must either “assume control of the action, in which case the action shall be conducted by [her]” or “notify the court that [she] declines to take over the action, in which case the relator shall have the right to conduct the action.” G.L.c. 12, §5C(4). Claims brought under the MFCA are subject to the heightened pleading requirements of Mass.R.Civ.P. 9(b), which states that “in all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud . . . shall be stated with particularity.” Mass.R.Civ.P. 9(b).
At a minimum, to state a claim for fraud, the Plaintiff must particularize the identity of the person making the representation, the contents of the misrepresentation, where and when it took place, the materiality of the misrepresentation and the resulting harm. United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 232 (1st. Cir. 2007); Infomedics, 847 F.Sup.2d at 262; Equipment & Systems for Industry, Inc. v. Northmeadows Const. Co., Inc., 59 Mass.App.Ct. 931, 932 (2003) (“[W]e agree with the federal courts in their consideration of the cognate Federal Rules 12(b)(6) and 9(b),” citing federal authorities).
Additional information that must be in the complaint includes the particular goods and services that are charged, the specific monetary amount charged, and the content of the forms submitted. Karvelas, 360 F.3d at 233. The complaint must identify particular false claims for payments that were submitted. Id. In Infomedics, the court held that the relator failed to meet the pleading standard under federal Rule 9(b) for her action under the substantially parallel federal False Claims Act because the relator’s complaint did not include when the allegedly false applications were submitted, the identity of who made the allegedly false statements and who was involved in the alleged concealment scheme. 847 F.Sup.2d at 262-64. See also Northmeadows, 59 Mass.App.Ct. at 931-32.
Here, the Plaintiff has failed to meet Rule 9(b)’s particularity standard because he vaguely referenced dates in his amended complaint and did not specify who within Quest made the alleged false statements to MassHealth. The complaint alleges on “information and belief’ “that at all times relevant hereto, each Defendant submitted electronic invoices to the DHCFP for clinical laboratory testing that reflected fees higher than those charged to other clients and the general public.”
The amended complaint does not identify a single invoice of a discounted price to non-MassHealth purchasers or an invoice submitted to DHCFP that included allegedly overpriced false claims or representations. The complaint contains vague references to the 1990s and the pull-through scheme of offering steeply discounted fees for laboratory tests. The complaint contains the broad time span of 2001 to 2004 as when Quest offered discounted fees on laboratory tests and that fee schedules from that time confirm that Quest charged higher prices to MassHealth.
The Plaintiff relies on two tables in the amended complaint for the requisite particulars. However, while the tables show the difference between the MassHealth fee and other Quest fees, they do not specify which Quest entity allegedly charged the listed fees, when the fees were charged or any reference to false claims made to DHCFP. See Karvelas, 360 F.3d at 233; Northmeadows, 59 Mass.App.Ct. at 931-32. Further, the amended complaint does not list individuals at Quest who made the allegedly false claims. In fact, the Plaintiff admits he is “ignorant of the names and capacities of the Defendants sued herein as DOES 10 through 100.”
Nevertheless, the Plaintiff asserts that Quest cannot argue that the complaint lacks sufficient specificity because the complaint alleges the same scheme as an action brought against Quest in California that settled in 2011 for $241 million. Therefore, Plaintiff contends that Quest knows exactly what fraud is alleged here. The Plaintiff argues that notice is the principal purpose of any pleading, and thus he provided sufficient particularity in his complaint. See Lazzaro v. Holladay, 15 Mass.App.Ct. 108 (1983).
However, in a Rule 9(b) fraud action, notice is not the only purpose of the complaint. In light of the nature of such a complaint, federal and state law require a rigorous pleading standard that includes specific information with respect to the time, place and content of the alleged false claims. Karvelas, 360 F.3d at 233; Northmeadows, 59 Mass.App.Ct. at 931-32. Such information is absent from the complaint.
ORDER
The defendants’ motion to dismiss is ALLOWED.