Curran, Dennis J., J.
Marc Kadis moves to dismiss counterclaims brought by Eumi Lee. Those counterclaims stem from Mr. Kadis’s purchase of a judgment against a third party from Attorney Lee’s client, Ruth Ford. The following facts are taken from the allegations in Attorney Lee’s complaint.
Attorney Lee represented Ms. Ford in a malpractice lawsuit against Merill D. Goldfarb, and obtained a judgment against Mr. Goldfarb. Attorney Lee was not able to collect any money from Mr. Goldfarb on that judgment, so Ms. Ford hired David Goldner to assist with her collection efforts: Attorney Goldner was able to collect $40,000 from Mr. Goldfarb on Ms. Ford’s behalf.
Sometime in 2006, Mr. Kadis contacted Attorney Lee and asked her about purchasing the judgment against Mr. Goldfarb. Attorney Lee informed Mr. Kadis that the judgment had been partially satisfied by the earlier payment of $40,000, and that the remainder was likely not collectible because of the many liens against Mr. Goldfarb’s property. Mr. Kadis stated that he was an expert in collecting money, that he knew the risk involved, and that he believed that Mr. Goldfarb’s property had equity in it.
Mr. Kadis faxed an assignment of judgment form to Attorney Lee. Ms. Ford executed it. The assignment of judgment read, in part, “[ajssignee warrants that he has undertaken his own investigation with respect to the real property owned by the [¡Judgment [d]ebtor and does not rely upon any statements or representations concerning said property or concerning the (j)udgment [d]ebtor made by representatives of the [a]ssignor.” Counterclaim, ¶10.
Mr. Kadis spent years attempting to collect on the judgment, but was ultimately unsuccessful. Mr. Gold-farb eventually filed for bankruptcy. Neither Attorney Lee nor Ms. Ford kept any information from Mr. Kadis that they had a duly to disclose.
DISCUSSION
“While a complaint attacked by a motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment) to relief requires more than labels and conclusions. Factual allegations must be enough to raise a right to relief above the speculative level . . . *365 [based] on the assumption that all the allegations in the complaint are true.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting BettAtt. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).
Attorney Lee’s counterclaim for breach of contract, based on the language of the assignment of judgment, does not demonstrate a plausible entitlement to relief. The parties to the assignment for judgment were Mr. Kadis and Ms. Ford. Attorney Lee is without standing to bring an action for breach of that contract because she was not a party to it, nor was she a third-party beneficiary.
“In order for a third party to recover under a theory of breach of contract, [she] must demonstrate that [she] was an intended rather an incidental beneficiary of that contract.” Shuras v. Integrated Project Sews., Inc., 109 F.Sup.2d 194, 203 (D.Mass. 2002), citing Foe v. Air-Speed, Inc., 386 Mass. 187, 194-95 (1982). “A beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.” Rae, 386 Mass, at 194, citing Restatement (Second) of Contracts, §302.
“Massachusetts courts do not confer intended beneficiary status when a contract’s terms ‘do not provide for the benefits of performance to flow directly to the third party.’ ” Shuras, 109 F.Sup.2d at 204, quoting Pub. Sew. Co. ofN.H. v. Hudson Light & Power Dept., 938 F.2d 338, 341 (1st Cir. 1991). Attorney Lee does not allege that Mr. Kadis and Ms. Lee intended that the benefits of performance of the assignment for judgment would flow directly to her. The statement in the assignment of judgment that Mr. Kadis did not rely on the representations of Ms. Ford’s representatives, standing alone, is not enough to show that the parties to that agreement intended for the benefits of performance to flow to Attorney Lee.
Attorney Lee’s counterclaim for fraudulent misrepresentation, based on Mr. Kadis’s alleged professions concerning his expertise in debt collection and his familiarity with the risk involved with collecting on the judgment against Mr. Goldfarb, does not demonstrate a plausible entitlement to relief. Attorney Lee has not pled her claim for fraudulent misrepresentation with particularity, as required by Mass.RCiv.P. 9(b).
“A plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place. In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm” Equipment & Sys. for Indus., Inc. v. Northmeadows Constr. Co., Inc., 59 Mass.App.Ct. 931, 931-32 (2003) (emphasis added), citing Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976). Attorney Lee does not allege where Mr. Kadis’s alleged misrepresentation took place, and only vaguely alleges it happened “sometime in 2006.” While the Court might fairly infer the materiality of Mr. Kadis’s alleged misrepresentation from Attorney Lee’s other allegations, there is nothing to establish any resulting harm to Attorney Lee. Instead, she merely declares that “she has been damaged by this fraud/misrepresentation.” Counterclaim, ¶20. Even if these allegations were more than a “threadbare recital! ] of the elements of a cause of action, supported by mere conclusory statements,” Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), which seems quite doubtful, they are certainly not specific enough to satisfy Mass.RCiv.P. 9(b).
Attorney Lee’s claim for violation of G.L.c. 93A does not establish a plausible entitlement to relief. Attorney Lee has not demonstrated that Mr. Kadis’s alleged conduct amounted to an invasion of a legally protected interest. See Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc., 445 Mass 790, 801 (2006); Aspinall v. Philip Morris Cos., Inc., 442 Mass 381, 401 (2004); Leardi v. Brown, 394 Mass. 151, 160 (1985). She has shown no harm resulting from Mr. Kadis’s alleged actions, and as a result, cannot recover in an action under G.L.c. 93A. See id.
Mr. Kadis’s ancillary motions for sanctions are denied, but the Court will add a cautionary note about both parties’ submissions.
Attorney Lee has offered nothing beyond the unadorned declaration that she had been injured by Mr. Kadis’s alleged conduct. After careful review of her counterclaims, the Court was unable to find any basis for this allegation. Beyond failing to fulfill the directions in Iannacchino, 451 Mass, at 636, Attorney Lee has left a question in the Court’s mind as to whether she coiild have put forth a better effort to comply with her professional obligations. See Mass.RProf.C. 3.1
Mr. Kadis, for his part, comments at length about the retaliatory nature of Attorney Lee’s counterclaims, and insists that sanctions are warranted under G.L.c. 231, §59. In order to support his position, Mr. Kadis bears the initial burden of showing that Attorney Lee’s counterclaims were “based on... petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Donovan v. Gardner,. 50 Mass.App.Ct. 595, 598-99 . (2000), quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass 156, 165 (1998).
Mr. Kadis’s only effort to make that showing is that Attorney Lee’s alleged damages in the amount of $40,000, “represent! ] the funds received by Ms. Ford prior to the execution of the [assignment of judgment].” Mr. Kadis’s motion to dismiss at 7. This assertion falls far short of showing that Attorney Lee’s claim for damages is rooted in petitioning activity. Her counterclaims do not refer to Mr. Kadis’s complaint, and she does not allege that he damaged her through petitioning activity. Mr. Kadis’s bald and perfunctory statement to the contrary does not make it so.
*366 Furthermore, Mr. Kadis argued that Attorney Lee’s claim for breach of contract was barred by the statute of frauds because it arose from an agreement that could not be performed within one year. That argument had utterly no basis in Attorney Lee’s allegations, or the assignment of judgment, neither of which remotely suggested that it could not be performed within one year.
There is a colorable argument that both parties to this litigation have engaged in conduct unworthy of litigants, and trigger a question of sanctions. Nevertheless, this Court declines to do so, but does expect the parties to reduce the level of vitriol as this case proceeds, and instead, invest future resources in addressing substantive issues.
ORDER
For these reasons, the defendant in counterclaim Marc Kadis’s motion to dismiss is ALLOWED on Counts I, II, and III. Associated requests for sanctions are, in all respects, DENIED.