NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-16

DEBORAH A. BUTLER

vs.

KENNY KING.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a decision and order of the Appellate Division of the District Court affirming the dismissal of her fraud claims against the defendant.[1]  Following an automobile collision in which she "rear-ended" the defendant, the defendant filed a claim with the plaintiff's insurance carrier, citing damage to his vehicle.  Although the plaintiff contended that the defendant's vehicle was not damaged to the extent that he represented to her insurer, the carrier issued the defendant a check for $1,400 and subjected the plaintiff to a surcharge.  The plaintiff appealed from the surcharge, and it was affirmed in the Superior Court.  As a result, the plaintiff sued the defendant under G. L. c. 266, § 111A, alleging theft by

---

[1] The plaintiff has appeared pro se throughout these proceedings.

fraud (count one) and theft of property by fraud (count two).[2] The defendant moved to dismiss the complaint, and a judge of the District Court, concluding that the plaintiff had no private right of action to bring suit, granted the defendant's motion. The plaintiff appealed to the Appellate Division of the District Court, which affirmed the dismissal. We affirm as well.

Discussion. The plaintiff argues that (1) ample legislative history exists supporting the conclusion that the Legislature intended G. L. c. 266, § 111A, to convey a private right of action, (2) the motion judge and District Court appellate panel misinterpreted her second count as a claim for "fraudulent misrepresentation,"[3] and (3) the motion judge failed to draw reasonable inferences in her favor as the nonmoving party when dismissing the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). "We review the denial of a motion to dismiss de novo." Drake v. Leicester, 484 Mass. 198, 199 (2020), citing Edwards v. Commonwealth, 477 Mass. 254, 260 (2017).

---

[2] The plaintiff described count two in her complaint as "INTENTIONAL TORT (Theft of property by fraud)."

[3] The plaintiff appeals the decision of the Appellate Division and refers to decisions made by both the motion judge and the Appellate Division throughout her brief before this court. Because, as we note below, we review these issues de novo, we restrict our discussion to the ruling of the motion judge, except where necessary to address specific aspects of the plaintiff's argument. See Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 783 (2008).

2

1.  Private right of action.  Count one of the plaintiff's complaint alleged that the defendant committed theft by fraud in violation of G. L. c. 266, § 111A.  The motion judge dismissed that claim on the ground that c. 266, § 111A, is a criminal statute that does not create a private right of action.  On appeal, the plaintiff argues that this court should infer a legislative intent to create such a private right of action due to the statute's legislative history.  We are not persuaded and decline to do so.

Chapter 266, § 111A, criminalizes the presentation of fraudulent insurance claims.[4]  Importantly, its text does not

---

[4] General Laws c. 266, § 111A, reads:

"Whoever, in connection with or in support of any claim under any policy of insurance issued by any company, as defined in section one of chapter one hundred and seventy-five, and with intent to injure, defraud or deceive such company, presents to it, or aids or abets in or procures the presentation to it of, any notice, statement, proof of loss, bill of lading, bill of parcels, invoice, schedule, account or other written document, whether or not the same is under oath or is required or authorized by law or by the terms of such policy, knowing that such notice, statement, proof of loss, bill of lading, bill of parcels, invoice, schedule, account or other written document contains any false or fraudulent statement or representation of any fact or thing material to such claim, or whoever with intent as aforesaid makes, prepares or subscribes, or aids or abets in or procures the making, preparation or subscription of, any such notice, statement, proof of loss, bill of lading, bill of parcels, invoice, schedule, account or other written document intended to be presented to any such company in connection with or in support of any claim under any such policy issued by it knowing that such notice, statement, proof of loss, bill of lading, bill of parcels,

3

contain an explicit private right of action.  When a statute does not contain an explicit private right of action, we consider whether legislative intent suggests an implied right exists.  Juliano v. Simpson, 461 Mass. 527, 531 (2012), citing Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 543 (1998).  Here, none does.  First, the plaintiff fails to cite to any of the "ample" support for implying a private right of action to be found in the legislative history of c. 266, § 111A.  Insofar as we can discern, the only actual legislative history cited by the plaintiff during these proceedings or the proceedings below, aside from the creation of the statute itself, is contained in her memorandum of law in opposition to the defendant's motion to dismiss.  There, she stated that "[t]he legislative history of §111A omits any express prohibition of a private right of action.  As such a credible argument can be made that such right is implied."  The argument is unavailing.  The mere absence of an explicit prohibition of a private right to action is not, as the plaintiff stated in her

invoice, schedule, account or other written document contains any false or fraudulent statement or representation as aforesaid, shall, except as provided in section one hundred and ten or one hundred and eleven, be punished by imprisonment in the state prison for not more than five years or by imprisonment in jail for not less than six months nor more than two and one half years or by a fine of not less than $500 nor more than $10,000, or by both such fine and imprisonment in jail."

4

brief, "ample legislative history" establishing such a right.[5] See Fratus v. Harwich, 100 Mass. App. Ct. 27, 29 (2021).

The plaintiff's remaining argument -- that we should infer a private right of action based on the First Circuit's decision in Ferragamo v. Chubb Life Ins. Co. of Am., 94 F.3d 26 (1st Cir. 1996) -- is without merit and borders on the frivolous. Although Ferragamo, supra, does deal with a complaint alleging fraud, contrary to the plaintiff's assertion in the trial court, nothing in Ferragamo suggests that the fraud complaint at issue in that case was brought under c. 266, § 111A.  See id. at 28 (identifying counterclaims for "fraud, deceit and negligent misrepresentation").  Moreover, in that case, the plaintiff sued his insurance carrier directly, whereas here, the plaintiff has sued the third-party recipient of a payment made by her carrier. In light of these distinctions, the plaintiff's reliance on Ferragamo is misplaced.

2. Fraudulent misrepresentation.  The plaintiff next argues that the courts below misunderstood count two of her complaint as one for "fraudulent misrepresentation," which she equates to a claim for breach of contract.[6]  She claims that the motion

-----

[5] Here, having thoroughly reviewed the legislative history of c. 266, § 111A, we discern no such right.

[6] This argument is difficult to understand and is only minimally supported by legal citations as required by Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8

5

judge therefore required her to "aver, among other things, that King's misrepresentation induced her to act to her detriment," and further, that this misrepresentation caused the lower court judges to wrongly apply Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974), and require her to plead facts in her complaint "with particularity."[7]  She relatedly argues that the judge failed to draw reasonable inferences in her favor as the nonmoving party when considering the defendant's motion to dismiss.  On careful review, we discern no error.

First, the plaintiff's argument that the motion judge, and later the Appellate Division, required her to show reliance on the defendant's misrepresentations is, simply, not supported by the record.  Contrary to the plaintiff's argument here, neither the ruling of the motion judge nor the order of the Appellate Division suggests that the plaintiff was required to show that she relied on any misrepresentation on the part of the defendant.  The only record citations that the plaintiff makes

_____

(2020) (arguments lacking legal citations "do not rise to the level of appellate argument").  "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants."  Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

[7] As we discuss infra, rule 9 (b) requires that "[i]n all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity."

6

in support of her contention that her claim in count two was misunderstood are to the transcript of her argument before the Appellate Division. There she and the defendant's counsel raised the prospect of proving that she relied on a misrepresentation by the defendant;[8] the panel did not suggest that reliance was an element of the plaintiff's claims. Furthermore, the panel's written order makes clear that it properly understood the elements of fraud that must be pleaded. See Equipment & Sys. for Indus., Inc. v. Northmeadows Constr. Co., 59 Mass. App. Ct. 931, 931-932 (2003).

The plaintiff further argues that both the motion judge and the Appellate Division panel wrongly applied rule 9 (b) to her claim and that rule 9 (b) does not alter the elements she must plead to establish her claim. As we have just discussed, the plaintiff has not shown that either the motion judge or the Appellate Division erred in their assessment of the elements of the plaintiff's fraud claims. To the extent either the judge or the panel applied rule 9 (b), we are satisfied that they did so properly. While the motion judge's endorsement granting the defendant's motion to dismiss offers relatively little insight into his reasoning, the Appellate Division panel clearly

---

[8] The defendant suggested during that argument that the plaintiff should be required "to show that she somehow relied on the misrepresentation."

7

considered rule 9 (b)'s heightened pleading requirement in its dismissal of the plaintiff's claim.[9]  We conclude that it was correct to do so.  Count two is subject to the rule 9 (b) requirement that complaints of fraud be pleaded with greater particularity.  See Masingill v. EMC Corp., 449 Mass. 532, 545 (2007) ("Fraud must be pleaded with particularity").  The plaintiff was, therefore, required to state with a heightened degree of particularity the specific circumstances of the fraud she alleged.

Instead, the plaintiff merely asserted in her complaint that the defendant filed a claim with her insurance provider that she believed was not supported by the actual damage to his vehicle.  Notably, nowhere in her complaint does she actually state that the defendant lied in the process of filing the claim, other than to assert that he filed it fraudulently, nor does she describe in any detail the state of the defendant's vehicle after the collision.  These conclusory allegations and unsupported assertions of wrongdoing were not enough.  See Equipment & Sys. For Indus., Inc., 59 Mass. App. Ct. at 931-932.

The plaintiff argues that, under our caselaw, the motion judge is required to accept as true the allegations in the complaint and resolve factual disputes in her favor when

---

[9] The panel wrote that "when fraud is alleged, it must be pleaded with particularity" and cited rule 9 (b) directly.

8

considering the defendant's motion to dismiss pursuant to rule 12 (b) (6).  While she is correct in her assertion, rule 12 (b) (6) does not abrogate rule 9 (b).  See Equipment & Sys. for Indus., Inc., 59 Mass. App. Ct. at 932 ("when a judge considers a Mass. R. Civ. P. 12 (b) (6) motion to dismiss a complaint alleging fraud and deceit, the requirement that there be an 'exceedingly liberal reading' of a complaint must include consideration of the requirements of Mass. R. Civ. P. 9 (b)" [citation omitted]).  Rather, the latter supplements the former and requires that, although allegations and factual disputes must be resolved in the plaintiff's favor when analyzing the defendant's motion to dismiss, those resolutions must all the same lead the court to conclude that the plaintiff pleaded the details of the alleged fraud with sufficient specificity.[10]  Id. Here, assuming without deciding that all the factual allegations contained in the plaintiff's complaint are true, her complaint nonetheless constitutes little more than an accusation of fraud without the requisite specificity required by rule 9 (b).  In

---

[10] It is for this reason that the plaintiff's argument that the rules of procedure cannot alter the elements of a prima facie case falls short.  Rule 9 (b) does not alter the elements of fraud, but, rather, requires them to be pleaded with greater specificity.  See Equipment & Sys. for Indus., Inc., 59 Mass. App. Ct. at 931-932.

9

this light, we discern no error in the motion judge's decision to dismiss the plaintiff's complaint.  See id. at 931-932.[11]

> Decision and order of
>    Appellate Division
>    affirmed.
>
> By the Court (Desmond, Hand &
>    Hodgens, JJ.[12]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  December 14, 2023.

---

[11] The defendant's request for an award of costs and attorney's fees is denied.
[12] The panelists are listed in order of seniority.