GWEN KOTLER *vs.* HOWARD E. SPAULDING.

Middlesex. March 13, 1987. — July 22, 1987.

Present: BROWN, QUIRICO, & KASS, JJ.

*Divorce and Separation,* Separation agreement, Jurisdiction, Judgment, Modification of judgment. *Contract,* Separation agreement. *Contempt.*

In a proceeding arising from a father's alleged violation of a divorce judgment incorporating a separation agreement wherein he "agree[d] to contribute equally to the college education of each of the children," the judge correctly interpreted the separation agreement as requiring the father to pay for the college education of a son who had attained the age of twenty-one years, where the separation agreement had no express limitation of that support obligation relative to the age of the children. [516-517]

In proceedings to enforce a divorce judgment, a probate judge had jurisdiction to order financial support of adult children beyond their attaining the age of twenty-one, where his order was based on a provision in a separation agreement that had been mutually bargained for and agreed to by the parties and previously approved by the court pursuant to G. L. c. 208, § 1A, notwithstanding that jurisdiction of the judge to make an order for financial support, acting on his own initiative, after litigation, would be limited by the age provisions of G. L. c. 208, § 28. [517-519]

A separation agreement that was incorporated in a judgment of divorce and survived as an independent contract was properly enforced by a contempt proceeding. [519]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on March 26, 1980.

A proceeding for contempt, commenced on September 9, 1985, was heard by *Vincent F. Leahy, J.*

*Jack N. Sarkisian* for the defendant.

*Robyn L. Frye (Gerard R. LaFlamme, Jr.,* with her) for the plaintiff.

BROWN, J. The father appeals from a judgment of a Probate Court (entered April 1, 1986) on a complaint for contempt

brought by the mother. The judge held that the father's failure to pay for the college education of his son once the son had attained twenty-one years of age violated a judgment of divorce nisi which incorporated a separation agreement and a modification of that agreement.[1]

The parties were granted a divorce on the ground of irretrievable breakdown of the marriage under G. L. c. 208, § 1A. The judgment nisi, entered on October 14, 1980, provided that the separation agreement entered into by the parties be incorporated and merged into the judgment and "by agreement of the parties may also remain as an independent contract."

At the time of divorce, there were three minor children of the marriage. The separation agreement in its original form provided for alimony and child support and for contribution to the children's college educations.[2] On June 7, 1983, the parties entered into an agreement for modification of the contract. Under the "Modified Agreement", the father's responsibility for the continuing support of his children included the revised provision regarding his obligation for college educations. Note 1, *supra*. The modified agreement was incorporated in the judgment on June 14, 1983.[3]

I. *Contract Interpretation.*

The father contends that the judge's construction of the modified college education provision was erroneous. He argues that the intent of the parties was that his contribution to the college education of his children would cease when they had reached the age of twenty-one.

Where the language of a written contract is plain and unambiguous it must be construed in accordance with its ordinary

---

[1] The relevant provision of the modified agreement and judgment states: "Paragraph 8 — *Children's College Education.* The parties hereby agree to contribute equally to the college education of each of the children."

[2] "8. *Children's College Education* — The parties hereby agree to contribute to the college education of each of their children. The ratio of the contribution to such education of the Husband and the Wife shall equal the ratio of the gross income of the Husband and the Wife for the year in which such educational expenses are incurred."

[3] Neither party has argued that anything of significance turns on the question whether the modified agreement survived the modified judgment of divorce. See discussion and authorities cited in *DeCristofaro* v. *DeCristofaro, ante* 231, 237-239 (1987).

and usual sense. *Fried* v. *Fried,* 5 Mass. App. Ct. 660, 662-663 (1977). Justice, common sense and the probable intent of the parties guide the court's construction of the agreement. *Fried* at 664. See *Pavluvcik* v. *Sullivan,* 22 Mass. App. Ct. 581, 584 (1986).

We think, reading paragraph 8 of the modified agreement in the context of other provisions in the instrument, that the intent of the parties was that the obligation to pay for the respective college educations would not terminate as each child attained the age of twenty-one. The college provision expressly and unambiguously provides for the equal contribution on the part of both parents for the "college education" of their children. No age limit is mentioned; there is no basis for implying a limit of twenty-one years. Common sense dictates that the obligation for payments would not stop at age twenty-one since many students who attend four-year colleges are at least twenty-two years of age upon completion.[4]

The absence of an express time limitation in the college education provision also contrasts with the modified support provision which establishes limitations relative to the ages of the children.[5] Nothing in the contract suggests that the parties similarly intended that limitation to apply to the college education obligation provided in a separate paragraph of the contract.

II. *Jurisdiction.*

The father argues that the court did not have jurisdiction to enforce the order requiring him to pay for college education

---

[4] That the parties anticipated that not all of their children would complete college by age twenty-one is further supported by the modified child support provision, paragraph 6B, which contemplates the possibility of a child's taking a year off between high school and college.

[5] Paragraph 6B provides: "The parties agree that the sum paid to the wife shall be reduced by 25% when any such child shall reach the age of eighteen (18) years, unless such child is enrolled as a full-time college student or in a full-time post high school training program; and in that event, support payments for that child shall continue until said child reaches the age of twenty-one (21). Further, if a child takes a year off after high school and then decides to go to college on a full-time basis, or enroll in a full-time post high school training program, then support payments for that child shall be resumed by the husband."

past the age of twenty-one because of the limits imposed by
G. L. c. 208, § 28.[6] We are of opinion that there is a significant
difference between a provision for education rendered by a
judge pursuant to § 28 following litigation, and a judgment or
order which incorporates and requires compliance with the
provisions of a bargained-for agreement. See *Cappello* v. *Cap-
pello*, 23 Mass. App. Ct. 941 (1986). Cf. *Gottsegen* v. *Gott-
segen*, 397 Mass. 617, 624-625 & n.8 (1986). Compare *Fein-
berg* v. *Diamant*, 378 Mass. 131, 135 (1979). Under § 28,
when the judge is acting on his or her own initiative to make
an order for maintenance, support, or education, the judge is
limited by the strictures of that section. But where the parties
have, through mutual agreement, made provision for their chil-
dren past age twenty-one, and desire that the agreement (after
approval by the judge), be incorporated in the judgment, we
think the incorporated agreement may be enforced by means
of a contempt proceeding.

The language of G. L. c. 208, § 1A (statutory language, as
always, serving as the principal source of insight into the legis-
lative purpose, *Bronstein* v. *Prudential Ins. Co.*, 390 Mass.
701, 704 [1984]), lends some support to the trial judge's ruling
that under § 1A the court may incorporate in a judgment agree-
ments of the parties making provision for children of greater
duration that would be allowed under G. L. c. 208, § 28. A
separation agreement drafted by the parties is required by § 1A,
as amended through St. 1979, c. 362, §§ 1 & 2. Under that
provision the court does not accept blindly the terms of the
agreement but reviews the contract to determine whether fair
and reasonable provisions have been made "for custody, for
support and maintenance, for alimony, and for the disposition
of marital property." See *Lavin* v. *Lavin, post* 929, 930 (1987).
In making its findings, the court is required by § 1A to "apply
the provisions of section thirty-four [of G. L. c. 208]." We

_____

[6] General Laws c. 208, § 28, as amended through St. 1985, c. 490, § 1,
provides in relevant part: "The court may make appropriate orders of mainte-
nance, support and education of any child who has attained age eighteen
but who has not attained age twenty-one and who is domiciled in the home
of a parent, and is principally dependent upon said parent for maintenance."

find it of consequence that § 1A makes no reference to § 28 in general or to the age limitation in particular. If the Legislature had intended that the limitations expressed in § 28 apply to a § 1A agreement, it could have stated so expressly. See *Stansel* v. *Stansel,* 385 Mass. 510, 512 (1982). See also *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liability Policies & Bonds,* 382 Mass. 580, 586 (1981) (limitations of principle of implied repeal); *Murray* v. *Board of Appeals of Barnstable,* 22 Mass. App. Ct. 473, 479 (1986).

Finally, we think that enforcement of the parent's greater support obligation by a contempt proceeding does not conflict with the policy that parents cannot by agreement deny the Probate Court its statutory powers under G. L. c. 208, § 28, concerning support for children, *Ryan* v. *Ryan,* 371 Mass. 430, 432 (1976), and cannot bargain away the rights of their children to support from either one of them.[7] See *Knox* v. *Remick,* 371 Mass. 433, 437 (1976); *Randall* v. *Randall,* 17 Mass. App. Ct. 24 (1983). See also *DeCristofaro* v. *DeCristofaro, ante* 231, 236 & n.7 (1987).

In light of the foregoing discussion, we perceive nothing in cases such as *Feinberg* v. *Diamant,* 378 Mass. at 135, or

---

[7] We note that courts of other jurisdictions have held that where a judgment incorporates an agreement of the parties which stipulates that a spouse shall contribute to the children's education past the statutory limit, the judgment has been deemed enforceable by contempt proceedings. One such court reasoned that the enforcement rested not so much on an extension of the jurisdiction of the court as it did on a recognition that a person who agrees that something be included in a court order is estopped from challenging the validity of that order. *Bliwas* v. *Bliwas,* 47 Wis.2d 635, 639-640 (1970). See *Scott* v. *Scott,* 401 So.2d 92, 95 (Ala. Civ. App. 1981); *Kern* v. *Kern,* 360 So.2d 482 (Fla. Dist. Ct. App. 1978); *McClain* v. *McClain,* 235 Ga. 659, 661 (1975); *Carey* v. *Carey,* 132 Ind. App. 30, 34 (1961); *LaBelle* v. *LaBelle,* 302 Minn. 98, 115-116 (1974); *White* v. *White,* 25 N.C. App. 150, 154-155 (1975), aff'd, 289 N.C. 592 (1976); *Weber* v. *Weber,* 51 Misc.2d 1042, 1044-1045 (N.Y. Fam. Ct. 1966). But see *Campbell* v. *Campbell,* 178 Cal. App. 2d 77, 82 (1960). See generally Washburn, Post-Majority Support: Oh Dad, Poor Dad, 44 Temple Law Q. 319 (1971); Vernon, Parental Support of Post Majority Children in College: Changes and Challenges, 17 Journal of Family Law 645 (1978-79).

*Gottsegen* v. *Gottsegen,* 397 Mass. at 624-625, which would require a different result.

*Judgment affirmed.*