Hurley, J.
This is an action brought under the Uniform Reciprocal Enforcement of Support Act (hereinafter referred to as “URESA”) codified in Massachusetts as G.Lc. 273A, §§1 et seq. The petitioner, Ruth Bligh, a resident of Pennsylvania, seeks to recover child support from the defendant, James Bligh, a resident of Massachusetts. The petition was filed in Pennsylvania on April 26,1986 and was forwarded to the Quincy District Court for an enforcement hearing pursuant to G.Lc. 273A, §9.
At the time of the filing of the petition, Ruth and James Bligh were still legally married, although they had not been living together since August, 1977. As of the date of the hearing, the parties had been granted a divorce. The parties are the parents of three children, Heather Bligh (d.o.b. 1/25/62), Kristian Bligh (d.o.b. 5/30/63) and Joshua Bligh (d.o.b. 9/2/69).
At the time of the parties’ separation, an oral agreement was reached whereby the defendant was to pay $2300.00 monthly to the petitioner for the support of his children. The petition alleges that these payments were deficient in 1981,1982 and 1985 and ceased as of January 1,1986, creating an arrearage of $20,650.00 as of April of 1986.
*148 A hearing was held on the merits of the petition on December 9, 1988. On December 16,1988 the court filed a document entitled “Conclusions and Judgment” in which the coin! found for the petitioner in the total amount of $43,570.00. In so doing, the court found that Heather and Kristian were not eligible for support by reasonoftheir ages. The court furtherfoundthatJoshuaBlighwaseligibleforsupport in the amount of $1,000.00 per month retroactive to April 1,1986 and would continue to be eligible for this support until he reached age 22 as long as he continued to be a full-time student
On this appeal, the defendant claims to be aggrieved by: 1) the court’s finding that Joshua is eligible for support beyond his 21st birthday, 2) the trial judge’s adoption of the amount of arrearage alleged in the petition, 3) alleged errors in monetary calculations by the trial judge, 4) the court’s modification of a temporary order for support entered June 15,1987 and 5) the trial judge’s failure to credit the defendant for a VA monthly benefit paid directly to Joshua.
It is well settled that no duty to support a child exists beyond the child’s twenty-first birthday, absent a mental or physical incapacity which makes the child incapable of self-support Feinberg v. Diamant, 378 Mass. 131, 135 (1979). Furthermore, in a divorce proceeding G.Lc. 208, §28 allows a court to make an order for “maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance.”[2] However, the parties may agree to extend such duty beyond the child’s twenty-first birthday. Kotler v. Spaulding, 24 Mass. App. Ct. 515, 518 (1987).
The trial judge made no finding that Joshua was physically or mentally incapacitated which would make him incapable of self-support under the Feinberg standard. The trial judge’s finding that Joshua was eligible for support until his twenty-second birthday as long as he was a full-time student could have been an interpretation of the parties’ oral agreement for support However, there was no reported evidence to sustain such a finding. We are therefore compelled to conclude that the trial judge erred in his finding that the defendant owed a duty to support Joshua beyond his 21st birthday.
We cannot, however, properly review the other issues raised by the defendant As to the calculation of arrearage, it appears that the trial judge may have incorrectly included support for Heather and Kristian beyond their 21st birthdays.[3] Nevertheless, we cannot conclusively state that an error of law has been committed since neither the report nor the trial judge’s findings adequately set forth the method used to calculate said arrearage. Furthermore, it is unclear whether the veteran’s benefits received by J oshua were considered by the trial judge and if so, whether these benefits were found to be support provided by the defendant On remand, the trial judge should specifically set forth the amount of support owed for each child until he/she reaches his/her 21st birthday. If the amount of support is determined by an out-of-court agreement, such agreement should be set forth in the trial judge’s findings. If creditis given to thedefendantforveteran’s benefits paid to the child (ren), such credit should be clearly indicated.
The judgment is hereby vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.

 The defendant concedes that the children were eligible for support until age 21.

 At the time the defendant unilaterally reduced his monthly support paymentfrom $2300.00 to $450.00 per month, (November, 1985) only one child, Joshua, was under age 21 and therefore eligible for support Á proper determination of arrearage must begin with an assessment of the amount of support owed for Joshua as of November, 1985.