Kern, Leila R., J.
This action stems from an alleged default on a commercial lease by the defendants/plaintiffs-in-counterclaim, Casatova, LLC and Michael and Christina Ovalle. Now before this court is the plaintiff/defendant-in-counterclaim’s, Linear Retail Danvers #1, LLC (Linear), motion to dismiss the defendants’ counterclaims. For the following reasons, Linear’s motion to dismiss is ALLOWED IN PART and DENIED IN PART.
BACKGROUND
On November 10, 2005, Linear, as lessor, and Casatova, as lessee, entered into a written lease for commercial property located at 110 Newbury Street in Danvers, Massachusetts, for five years. The Ovalles executed a personal guaranty of the lease on the same day. On March 22,2007, Linear notified Casatova they were terminating the lease because Casatova failed to pay rent from February 2006 through June 2007. On June 25, 2007, Linear filed a summary process complaint in Salem District Court, and on July 27, 2007, that court awarded Linear judgment for possession of the premises. On October 23, 2007, Linear filed this complaint against both Casatova and the Ovalles for rent owed.
On October 31, 2007, Casatova and the Ovalles filed an answer and counterclaim. The defendants allege before, during and after the execution of the lease, Linear made a number of oral and written *184 representations to the defendants regarding the premises. The representations included: installation of good lighting and other safety features at the property; installation of professional signs, both in the front and in the back of the property; improvement of traffic flow; increased visibility of the premises and implementation of heavy advertising; construction of a “Starbucks/driveway project” for a new entiyway and exit; and, substantial improvement of the parking lot and landscape. The defendants allege none of these improvements were made. The defendants also allege Linear misrepresented the number of cars that passed the premises on a daily basis.
Based on these representations, the defendants allege in their counterclaims: misrepresentation; fraud and fraud in the inducement; breach of contract; unjust enrichment; violation of G.L.c. 93A; breach of the implied covenant of good faith and fair dealing; negligence; and, rescission.
DISCUSSION
I. Motion to Dismiss Standard
Linear argues the defendants have not pled sufficient facts to show their counterclaims are properly before this court and thus, they should be dismissed. In assessing the merits of a motion to dismiss for failure to state a claim under Mass.R.Civ.P. 12(b)(6), the court takes as true “the allegations of the [counterclaims], as well as such inferences as may be drawn therefrom in the [defendant/plaintiff-in-counterclaim’s] favor . . .” Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass 404, 407 (1995). A plaintiff/defendant-in-counterclaim is entitled to relief pursuant to Rule 12(b)(6) only when it appears beyond doubt the defendant/plaintiff-in-counterclaim can prove no set of facts in support of their claims which would entitle them to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). In making such a determination, the court may not “consider the unlikelihood of the [defendant/plaintiff-in-counterclaim’s] ability to produce evidence to support otherwise legally sufficient [counterclaim] allegations.” Richards v. Arteva Specialties S.A.R.L., 66 Mass.App.Ct. 726, 730 (2006), citing Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998). Such criteria have lessened a plaintiff/defendant-in-counterclaim’s obstacle in overcoming a Rule 12(b)(6) motion to dismiss for failure to state a claim to a “minimal hurdle.” Bell v. Mazza, 394 Mass. 176, 183-84 (1985).
II. Defendants’ Counterclaims
1. Fraud in the Inducement
The defendants allege Linear’s representations were fraudulent and designed to induce them into entering into the lease.[2] In Massachusetts, a party pleading fraud must adhere to a “heightened” pleading standard, that is, “in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.” Mass.R.Civ.P. 9(b). At a minimum, a complaint alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentations, and where and when it took place. Equip. & Sys. for Indus., Inc. v. Northmeadow Constr. Co., Inc., 59 Mass.App.Ct. 931, 931-32 (2003).
To establish fraud in the inducement, the claiming party must show, “misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statements to the detriment of the person relying.” Commerce Bank & Trust v. Hayeck, 46 Mass.App.Ct. 687, 692 (1999). While the failure to follow through on an expression or intention to do something, standing alone, is not tortious, see Stolzoff v. Waste Systems Int’l, Inc., 58 Mass.App.Ct. 747, 759 (2003), citing Yerid v. Mason, 341 Mass. 527, 530 (1960), an expression of intention may be actionable if “the statements misrepresent the actual intention of the speaker and were relied upon by the recipient to [their] damage.” McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 709 (1990). See also Barrett Assoc., Inc. v. Aronson, 346 Mass. 150, 152 (1963).
Here, the defendants have pled sufficient facts to get past Linear’s motion to dismiss on this count. The defendants allege before, during and after the execution of the lease Linear made a number of representations about its intention to make certain improvements at the premises as well as representations regarding the number of cars that passed by the premises. They also allege the representations were made falsely, and with the intention to induce the defendants into entering the lease. As a result of Linear’s misrepresentations, the defendants entered into the lease agreement and allege their business suffered. Consequently, the defendants have stated a claim upon which relief can be granted.[3] See, e.g., Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976) (dismissing defendants’ argument plaintiffs complaint did not conform with Mass.R.Civ.R where complaint alleged who made statements, their falsity, defendants’ knowledge of the falsity, to whom they were made, the period in which they were made and that they were made to induce reliance); Schinkel v. Maxi-Holding, 30 Mass.App.Ct. 41, 47-48 (1991) (same). Therefore, Linear’s motion as to this ground is DENIED.
2. General Laws chapter 93A
The defendants allege Linear’s misrepresentations amount to a violation of G.L.c. 93A. General Laws c. 93A, §2 makes unlawful all “unfair or deceptive acts or practices in the conduct of any trade or commerce.” “Conduct is deceptive if it possesses a ‘tendency to deceive.’ ” Aspinall v. Philip Morris Co., 442 Mass. 381, 394 (2004), quoting Leardi v. Brown, 394 Mass. 151, 156 (1985). In other words, a deceptive practice is one that “could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted." Id. at 394, quoting Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 777 *185 (1980). A misrepresentation that induces a party to enter into an agreement may serve as a basis for a G.L.c. 93A claim. McEvoy, 408 Mass. at 714. As discussed above, the defendants have pled sufficient facts to make out a claim for fraud in the inducement. It follows, then, they have also pled sufficient facts to make out a claim for violation of G.L.c. 93A, §§2 and 11. See id. (where fraud judgment was tenable in law, trial court’s ruling that defendant also violated G.L.c. 93A, §§2 and 11 was not error). Consequently, Linear’s Motion to Dismiss on this ground is DENIED.
3.Breach of Contract
The defendants next allege Linear breached the lease agreement when it failed to make the promised improvements before, during, and after the execution of the contract. In construing the meaning of the terms of a contract or lease, “justice, common sense, and the probable intent of the parties guide the court’s construction of the agreement.” Kotler v. Spaulding, 24 Mass.App.Ct. 515, 517 (1987). If the contractual language is unambiguous, the “agreement must be enforced according to its terms.” Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992). When an agreement, such as a lease, is unambiguous and contains an integration clause, a party to the lease may not rely on evidence extraneous to the four corners of the lease to claim rights under the lease. Kobayashi v. Orion Ventures, Inc., 42 Mass.App.Ct. 492, 496 (1997).
The lease between the defendants and Linear contained such an integration clause. Paragraph 17.05 of the lease provides, “(t]his lease is the only agreement between the parties pertaining to the leases of the Premises and no other agreements shall be effective.” (First Amended Complaint, Ex. A, p. 21.) Moreover, paragraph 10.01 states, “Tenant shall accept the Property and the Premises in their condition as of the execution of the Lease . . . subject only to Landlord’s agreement to perform or cause to be performed the following work prior to the date hereof.” (Id. at 11.) Paragraph 10.01 goes on to list certain improvements Linear was to undertake, none of which were the tasks the defendants allege Linear promised to make. Paragraph 10.01 also states, “Tenant represents and warrants that Tenant has made its own inspection of and inquiry regarding the condition of the Property and is not relying on any representations of Landlord, Landlord’s agents or any Broker with respect thereto. Tenant’s taking possession of the Premises shall be conclusive evidence that the Premises were in good order and satisfactory condition when Tenant took possession.” (Id.)
Here, the lease is unambiguous as to the condition of the premises and the duties incumbent upon Linear to make improvements. Both Casatova and the Ovalles had the opportunity to scour the lease. The defendants agreed, in writing, they made their own inspection of the premises and they were not relying on any representations made by Linear. They also agreed they would accept the condition of the premises as of the execution of the lease. There is no language in the lease outlining any sort of obligation of Linear to make the improvements claimed by the defendants. Consequently, the lease, in unambiguous language, binds the defendants to acceptance of the property in the condition it was at the time they executed the lease, and does not lay a duty on Linear to make the improvements the defendants requested. See, e.g. N Assocs., Inc. v. Kiley, 57 Mass.App.Ct. 874, 887 (2003) (not error for judge to limit extraneous evidence as to intention of contracting parties where contract was not ambiguous and contained integration clause). Therefore, Linear’s motion on this ground is ALLOWED.
4.Quantum Meruit
The defendants also plead quantum meruit.[4] Quantum meruit is a theory of recovery based on unjust enrichment. J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986). It is well settled, however, quantum meruit relief may not lie where an express contract governing the subject matter exists. York v. Zurich Scudder Investments, Inc., 66 Mass.App.Ct. 610, 620 (2006). As discussed above, the lease agreement here governs the subject matter at hand. As a result, the defendant’s claim for quantum meruit fails and Linear’s motion on this ground is ALLOWED.
5.Implied Covenant of Good Faith and Fair Dealing
The defendants contend Linear breached their implied covenant of good faith and fair dealing. In Massachusetts, every contract is subject to an implied covenant of good faith and fair deeding. Liss v. Studeny, 450 Mass. 473, 477 (2008), citing Kerrigan v. Boston, 361 Mass. 24, 33 (1972). A party may not appeal to the covenant, however, to “create rights and duties not otherwise provided for in the existing contractual relationship.” Id., quoting Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004).
Here, the lease agreement executed by the parties governed their respective rights and responsibilities. As previously discussed, there is no assertion on behalf of the defendants that Linear breached the written lease agreement. Because the defendants do not argue Linear breached the written lease agreement, they cannot argue it acted in bad faith with regard to carrying out its responsibilities under that agreement. See, e.g., Liss, 450 Mass. at 477-78 (no claim for breach of implied covenant of good faith and fair dealing where contract did not require defendant to perform acts which plaintiff allege were not done in bad faith); Uno Restaurants, Inc. 441 Mass. at 385-86 (no claim for breach of implied covenant of good faith and fair dealing where defendant did not do anything proscribed by the contract). Therefore, Linear’s motion on this ground is ALLOWED.
*186 6. Negligence
The defendants argue Linear negligently misrepresented the extent to which Linear would improve the premises in order to better attract customers. The lease agreement in question here, however, contained an integration clause, which made it the final and complete agreement between the parties; any oral agreements or promises not contained within the agreement itself would be inoperable. Where a contract has a valid integration clause, claims of negligent misrepresentation are barred. See Shawmut-Canton v. Great Spring Waters of America, Inc., 62 Mass.App.Ct. 330, 335 (2004), citing Sound Techniques v. Hoffman, 50 Mass.App.Ct. 425, 432-33 (2000). As a result, the defendants have failed to plead facts upon which relief can be granted. Therefore, Linear’s motion as to this count is ALLOWED.
7. Rescission
The defendants finally contend “the breaches of contract of the Landlord set forth above are so material to the contract between the parties that the contract was vitiated, and the Court should, therefore, order the rescission of the agreements between the Tenant and the Landlord and the Guarantors and the Landlord.” (Defendants’Answer to Amended Complaint and Counterclaims, p. 9-10.) As discussed above, however, the defendants have not set forth any viable claim that Linear breached the lease agreement. Accordingly, the defendants’ claim for rescission based on breach of the lease agreement must fail, and Linear’s motion as this count is ALLOWED.
ORDER
It is hereby ORDERED Linear’s Motion to Dismiss the defendants’ counterclaims is DENIED as to the counts for fraud in the inducement and violation of G.L.c. 93A and ALLOWED as to the counts for breach of contract, quantum meruit, breach of the implied covenant of good faith and fair dealing, negligence, and rescission.

 The defendants’ counterclaims include misrepresentation, fraud and fraud in the inducement. Because each claim encompasses the same elements and is based on the same transaction, this court will only review the defendants’ fraud in the inducement claim.

 Linear also argues a merger clause in the lease agreement precludes any claims sounding in fraud or fraud in the inducement. Contrary to Linear’s argument, however, ”[i]t is well established that the parol evidence rule does not apply when the complaining party alleges fraud in the inducement.” McEvoy Travel Bureau, Inc., 408 Mass. 711 n.5.

 In its complaint, the defendants style Count IVas “Unjust Enrichment — Quantum Valebant.” In their opposition to Linear’s Motion to Dismiss, however, they refer to their claim for “quantum meruit.” As their argument focuses on benefits conferred, in the form of overpayments of rent, to Linear, this court will address the defendants’ claim as one for quantum meruit.