CAROL BARNES *vs.* JAMES A. DEVLIN.

No. 12-P-1283.

Middlesex. May 1, 2013. - August 16, 2013.

Present: BERRY, KATZMANN, & RUBIN, JJ.

*Divorce and Separation,* Child support, Separation agreement, Modification of judgment, Postminority support to third party. *Parent and Child,* Child support. *Contempt. Practice, Civil,* Contempt, Stipulation.

A Probate and Family Court judge properly found a father in civil contempt of valid court orders modifying a judgment of divorce nisi, where, irrespective of the father's claim on appeal that the mother had failed to demonstrate that the court-ordered child support obligations complied with the domicil and dependency conditions set forth in G. L. c. 208, § 28, for payment of post-minority support and education expenses, the father had chosen unilaterally to stop paying child support obligations into which he had willingly, freely, and voluntarily entered without objection rather than initiate appropriate modification proceedings. [162-165]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on July 28, 1998.

A complaint for contempt, filed on March 4, 2011, was heard by *Spencer M. Kagan,* J.

*David F. Bernardin* for the father.

KATZMANN, J. The central issue posed by this appeal is the interface of bargained-for stipulations and agreements incorporated into court judgments, with the restrictions of G. L. c. 208, § 28 (which conditions postminority support and education upon a child's being domiciled in the home of a parent and principally dependent upon that parent for maintenance). James A. Devlin (father) appeals from a judgment entered by a Probate and Family Court judge on a complaint of contempt filed by Carol Barnes (mother). The mother alleged that the father failed to pay child support and education expenses as required by a court-approved separation agreement (as modified) that was

mutually agreed to by the parties upon their divorce, and subsequently incorporated and merged into a judgment of divorce nisi. After a one-day trial, the judge found the father in civil contempt and ordered him to pay $9,200 to the mother in child support arrears and $6,448 per year toward the parties' son's education expenses. We affirm.

*Background.* The parties have one child, who was born in 1991. On June 14, 2000, the parties entered into and filed a separation agreement; that same day, a judgment of divorce nisi entered pursuant to G. L. c. 208, § 1B. Pursuant to the separation agreement, the parties agreed that they would share legal custody of their son and that the mother would have sole physical custody. The parties also agreed to share their son's post-high school education expenses, consistent with the financial abilities and resources available to each party. Finally, the separation agreement required the father to pay the mother $140 per week in child support "until emancipation" of their son. The separation agreement provided a list of conditions that would result in the son's emancipation, but for the purposes of the instant appeal, only two conditions are relevant: (1) "[i]f the child is attending a post-secondary accredited vocational training school or college as a full-time student, at age 23," or (2) if the son establishes "[p]ermanent residence away from the residence of the [mother]. Residence at boarding school, camp or college is not to be deemed a residence away from the [mother]." The provisions of the separation agreement relating to the son were incorporated and merged into the judgment of divorce nisi.

After the contempt trial, the judge made the following findings. In September of 2009, the son, then eighteen years old, began to attend North Shore Community College. At this time, the son moved to the home of his mother's brother (Uncle George) because Uncle George lived close to North Shore Community College.

On October 16, 2009, the mother filed a complaint of contempt alleging that since June of 2009 the father had failed to pay child support. As a result, the parties voluntarily entered into a court-approved stipulation on November 20, 2009, that modified the child support payments (the first modification). The father agreed to pay the mother one hundred dollars per week

(instead of $140) and also agreed to pay the mother $1,120 in arrears. Additionally, because their son continued to live with Uncle George, the parties agreed to provide child support payments directly to Uncle George. The father agreed to pay Uncle George ninety dollars per week, and the mother agreed to pay him fifty dollars per week.

On January 25, 2010, the parties voluntarily entered into a second court-approved stipulation (the second modification).[1] Under the second modification, the parties agreed to modify the child support payments as follows: (1) the first modification would remain in full force and effect; (2) the father owed $810 to Uncle George in child support arrears because the father had failed to pay Uncle George ninety dollars per week; and (3) the father and Uncle George would work out a payment plan for the arrearage.

From February, 2010, through May, 2010, the father paid Uncle George the agreed-upon child support payments of ninety dollars per week and satisfied the $810 in arrears. In June, 2010, after completing the spring semester at North Shore Community College, the son moved back to the mother's home. Soon thereafter, the father discontinued paying Uncle George the agreed-upon child support payments. The father admitted that he simply did not want to pay child support or to contribute to the son's education expenses. In September of 2010, the son moved back in with Uncle George and lived there until mid-December of 2010, when he was accepted at Salem State University (Salem State). At this time, the son moved on campus at Salem State. He lived on campus from January of 2011 through the spring semester of 2012, except for vacations, when he returned to live with the mother.

In total, the father failed to provide child support from June, 2010, through March, 2012, when the contempt trial was held.[2] During this time, the mother complied with her child support obligations to Uncle George. The son relied on the mother's

---

[1] The father agreed to the modifications knowing the son was residing with Uncle George and attending college full time.

[2] While the father did not pay child support during this time, he did provide his son with one hundred dollars to use for the $500 registration fee at Salem State.

payments for certain personal expenses that his student loans did not cover.

The mother filed the instant complaint of contempt on March 4, 2011, and alleged that the father violated the judgment of divorce nisi as modified by the first and the second modifications. On March 1, 2012, the judge denied the father's motion to dismiss and held a one-day trial on the mother's complaint. Ultimately, the judge found the father in civil contempt for failure to pay his child support obligations; the judge ordered the father to pay the $9,200 in arrears to the mother, and to continue to pay the mother one hundred dollars per week. The judge did not find the father in contempt for failure to contribute to the son's education expenses, but nevertheless ordered the father to pay $6,448 per year toward the son's education expenses. Finally, the judge awarded the mother $7,000 in attorney's fees. The father now appeals.

*Discussion.* On appeal, the father argues that the judge committed error by finding him in civil contempt because the stipulations he allegedly violated are null and void ab initio as they are in contravention of G. L. c. 208, § 28.[3] Pursuant to G. L. c. 208, § 28, as appearing in St. 1991, c. 173, § 1, a judge may make appropriate postminority orders for "maintenance, support and education of any child," provided said child is "[1] domiciled in the home of a parent, and is [2] principally dependent upon said parent for maintenance." The father contends that the mother presented insufficient evidence at trial to demonstrate that the § 28 conditions were satisfied when the stipulations underlying the mother's complaint were court approved. Thus, according to the father, the judge could not hold him in civil contempt.

Without deciding whether the son was in fact domiciled with the mother and principally dependent on her when the modifications were approved, we think it clear that the judge held the father in civil contempt because he "chose to unilaterally stop pay[ing the] child support" obligations he "willingly, freely, and voluntarily" entered into without objection. We agree with the judge and so hold, irrespective of a determination whether

---

[3]The father does not appeal the judge's order to pay $6,448 per year toward the son's education expenses. Accordingly, we do not address this ruling.

the child support obligations complied with the domicil and dependency conditions set forth in G. L. c. 208, § 28.

Instructive is our decision in *Kotler* v. *Spaulding*, 24 Mass. App. Ct. 515 (1987). There, not unlike the father's argument here that a contempt judgment improperly is entered when the domicil and dependency conditions of § 28 are not satisfied, we considered whether the Probate and Family Court had jurisdiction to enforce a bargained-for order requiring a parent to pay education expenses for a child past the age of twenty-one because of the limits imposed by § 28. In *Kotler*, *supra* at 516 n.1, the parties entered into an agreement, as modified, that provided that the "parties hereby agree to contribute equally to the college education of each of the children." The agreement, as modified, was incorporated into the judgment of divorce nisi.[4] At that time, G. L. c. 208, § 28, as appearing in St. 1976, c. 279, § 1, provided that the "court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance."[5] *Kotler*, *supra* at 518 n.6. On a complaint for contempt brought by Kotler, the judge held that Spaulding's failure to contribute to the college education of the parties' son once the son had attained the age of twenty-one years violated the judgment of divorce nisi, as modified. On the appeal, and after holding that there was nothing in the parties' modified agreement to suggest that the parties intended that Spaulding's obligation to contribute to the college education of the parties' children would cease when each child attained the age of twenty-one, we considered Spaulding's argument that the Probate and Family Court did not have jurisdiction to enforce the order requiring him to pay past the age of

---

[4]We noted in *Kotler*, *supra* at 516 n.3, that neither party had argued that anything of significance turned on the question whether the modified agreement survived the modified judgment of divorce. In the present case, the provisions of the parties' separation agreement relating to the son were incorporated and merged into the judgment and did not survive with independent significance. See *Bercume* v. *Bercume*, 428 Mass. 635, 641 (1999) ("the merger of an agreement in a judgment is a substitution of the rights and duties under the agreement for those established by the judgment or decree").

[5]Section 28 since has been amended, expanding the age limit to twenty-three.

twenty-one because of the limits imposed by § 28. *Id.* at 517-518. We stated:

> "We are of opinion that there is a significant difference between a provision for education rendered by a judge pursuant to § 28 following litigation, and a judgment or order which incorporates and requires compliance with the provisions of a bargained-for agreement. . . . Under § 28, when the judge is acting on his or her own initiative to make an order for maintenance, support, or education, the judge is limited by the strictures of that section. But where the parties have, through mutual agreement, made provision for their children past age twenty-one, and desire that the agreement (after approval by the judge), be incorporated in the judgment, we think the incorporated agreement may be enforced by means of a contempt proceeding."

*Id.* at 518. Cf. *Tatar* v. *Schuker,* 70 Mass. App. Ct. 436, 440-441 (2007) (quoting from and continuing to recognize the differences discussed in *Kotler,* albeit in a different context).

While *Kotler* dealt with the durational limits of § 28, rather than the domicil and dependency conditions at issue here, we see no reason why the holding should not apply to the bargained-for child support obligations in the case at bar. As has been noted, in the instant matter, both the modified child support orders and the order for payment of educational expenses were the product of modifications that were incorporated into court orders. In short, the parties here, like the parties in *Kotler,* entered into a mutually agreed-upon separation agreement, the relevant portions of which were incorporated into their judgment of divorce nisi.[6] Furthermore, the father not only agreed subsequently to modify his child support obligations through stipulation, but also satisfied these modified obligations for nearly six months without objection. If the father objected to the obligations, then his proper recourse, as the judge stated,

---

[6]We are cognizant that G. L. c. 208, § 28, has been amended since *Kotler* to provide, in part, that in approving the agreement of the parties, the court shall apply initially the child support guidelines. See Massachusetts Child Support Guidelines, preamble & § II-F (2009). We perceive nothing therein that would cause us to reach a different result in the present case.

would have been to initiate appropriate modification proceedings, as opposed to unilaterally stopping payments, as he ultimately chose to do. See *Heistand* v. *Heistand,* 384 Mass. 20, 29-30 (1981) (upholding a finding of contempt even though "the defendant was correct on the merits of his argument[,] . . . [because] he inappropriately resorted to self-help, unilaterally reducing the support payments and thereby flouting a valid order of the court"). Consequently, the father cannot contest the validity of the support orders he voluntarily entered into, notwithstanding his argument on appeal that said orders were issued without compliance with the domicil and dependency conditions set forth in § 28.

In sum, we agree with the judge that the father's violation of the judgment of divorce nisi, as modified, was in civil contempt of valid court orders.

*Amended judgment affirmed.*