Paul E. Clancy, Jr. (father) appeals from a November 2, 2015, temporary order awarding child support payments of $180 per week to the mother;[2] a March 23, 2016, order denying his motion to dismiss Eileen E. Cain-Clancy's (mother) amended complaint for contempt; and, a May 9, 2016, judgment denying the father's motion for reconsideration, finding the father guilty of civil contempt, and awarding attorney's fees to the mother. The father claims the judge erred in making each of these dispositions. We affirm.
1. Child support payments. The father alleges the judge erred on November 2, 2015, in reducing, without vacating, his child support obligation from him to the mother.[3] We disagree.
The parties, in their 2003 separation agreement, agreed that the father would pay $360 per week to the mother in child support. The father was awarded temporary physical custody of the parties' minor child on September 15, 2015.[4] On November 2, 2015, the judge issued temporary orders reducing the father's child support obligation to the mother to $180 per week and denying the father's request for child support payments. The father filed a motion for reconsideration on January 29, 2016, which was denied on May 9, 2016. In support of this denial, the judge found:
"It was this [c]ourt's belief, ... that the dispute between [m]other and [the child] was temporary in nature, and that [m]other would resume primary physical custody of the child once the matter was resolved. It would have been drastic and unfair to eliminate [f]ather's child support to [m]other altogether at the hearing on [f]ather's [m]otion for [t]emporary [o]rders, given the Court's uncertainty of the ultimate outcome in the case. Therefore, the Court entered a [t]emporary [o]rder reducing [f]ather's child support obligation from $360.00 per week to $180.00 per week. The matter was scheduled to be heard in February, 2016, after input from a [g]uardian ad [l]item." (Emphasis in original).
On May 9, 2016, the judge vacated the father's child support award but declined to enter the order retroactively. On May 10, 2016, the parties entered a stipulation on their cross complaints for modification that primary physical custody would remain with the father and the mother would pay the father child support of $258 per week.
Under the uncertain and potentially temporary conditions between November 2, 2015, and May 9, 2016, the judge did not abuse his discretion. Furthermore, temporarily obligating the father to continue paying child support despite shifting physical custody to him was reasonable in light of the judge allowing the mother to have "[p]arenting time with [the child] on Wednesdays and Sundays, at times agreed upon by the [p]arties" and "additional [p]arenting [t]ime as agreed upon between the [p]arties."[5] The modification, therefore, did not "fall[ ] outside the range of reasonable alternatives."[6] L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
2. Denial of the father's motion to dismiss. The father next claims the judge's March 23, 2016, denial of his oral motion to dismiss the mother's amended complaint for contempt was in error because the mother's complaint lacked specificity as to the dates the father allegedly missed child support payments. Upon review of the complaint on its face and the record, we are not persuaded an error occurred.
The complaint listed the child support orders the father allegedly violated: $360 per week as ordered September 9, 2003, and $180 per week as ordered November 2, 2015. As of the date of the amended complaint, the mother claimed the total amount unpaid was $19,800, which increased to $20,160 at the time of the hearing date. At the hearing, the mother testified that this figure included forty-nine missed payments of $360 from March, 2012, to August 31, 2015 ($14,400), and from September 4, 2015, to October 30, 2015 ($3,240), plus fourteen payments of $180 per week from November 2, 2015, to February 10, 2016, the date of the hearing ($2,520). This was sufficient specificity to raise a legitimate question of contempt, and, therefore, the motion to dismiss was properly denied.
3. Finding of civil contempt. The father also claims it was error for the judge, in the May 9, 2016, judgment, to find him in civil contempt for failing to pay the mother child support of $180 per week. We disagree. "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Rosen v. Rosen, 90 Mass. App. Ct. 677, 691-692 (2016), citing Birchall, petitioner, 454 Mass. 837, 853 (2009).
Although the father initiated modification proceedings-a proper form of seeking relief-he nevertheless unilaterally stopped making payments to the mother, choosing to flout a clear and unequivocal court order. See Barnes v. Devlin, 84 Mass. App. Ct. 159, 164-165 (2013). The judge properly found that the fact that the father gave the child support checks to his lawyer to place in escrow was immaterial because "[t]he [o]rder of November 2, 2015, was clear and unequivocal, and, by his own admission, the [f]ather had the ability to comply with the [o]rder. He simply chose to ignore it." The father was properly found in contempt.
4. Attorney's fees. Finally, the father claims it was error for the judge to award the mother $3,232 for attorney's fees and deny his request for $12,310.16 for the same. We disagree. The judge determined that the mother's legal fees were "fair and reasonable given the length of the trial," but awarded her only as much as was proportionate to the father's contempt finding. Considering this result, it was not an abuse of discretion for the judge to make such an award.[7] Compare Cooper v. Cooper, 62 Mass. App. Ct. 130, 141-143 (2004).[8]
Order dated November 2, 2015, is affirmed.
Order denying motion to dismiss dated March 23, 2016, is affirmed.
Judgment dated May 9, 2016, is affirmed.

Although the temporary order would not have been immediately appealable, it is reviewable here upon the father's appeal from the May 9, 2016, final order. See Fazio v. Fazio, 91 Mass. App. Ct. 82, 87 n.13 (2017).

This decision, issued in the November 2, 2015, temporary order, was later incorporated into the May 9, 2016, judgment when the judge found the father guilty of civil contempt for failing to pay the mother $180 per week in accordance with the temporary order.

We note that the September 15, 2015, order was ambiguous in that it stated both that "Father shall have [t]emporary [p]hysical [c]ustody of the [m]inor [c]hild" and that "Mother has agreed that [the child] shall remain with [f]ather for '[e]xtended [p]arenting [t]ime.' "

Although the Massachusetts Child Support Guidelines (2013) (Guidelines) were not expressly contemplated in the parties' separation agreement or in any of the judge's modification orders, the Guidelines presumptively applied here and would have conferred broad discretion upon the judge to make such a modification. See G. L. c. 208, § 28. See also Wasson v. Wasson, 81 Mass. App. Ct. 574, 576-577 (2012). The Guidelines include parenting time as one factor, among others, to be considered in setting the child support order. They further state: "If parenting time is less than one-third for the parent who is not the residential parent, the Court may consider an upward adjustment to the amount provided under the child support guidelines." Guidelines § II-D (emphasis added).

The father additionally argues, without citation to authority, that his Motion to Reconsider should have been decided before the contempt hearing occurred. We deem this argument waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

We have considered the remainder of the father's claims and find nothing that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

The mother's request for appellate attorney's fees is denied.